## KENNEDY v. THE STATE.

CRIMINAL LAW.—*Indictment.*—*Name.*—*Surplusage.*—An inconsistent or repugnant clause or averment, concluding an indictment, such as a misnomer of the defendant, should be treated as mere surplusage, when the other averments of the indictment clearly and sufficiently charge the defendant with the commission of a crime.

SAME.—*Murder.*—*Verdict Fixing Illegal Punishment.*—*Supreme Court.*—*Judgment.*—Where, on the trial of a defendant indicted for murder, the

jury return a verdict of guilty as charged in the indictment, fixing the punishment at imprisonment in the state-prison, and assessing a fine, the latter should be disregarded by the court in rendering judgment. And if, in such case, judgment be rendered in accordance with the verdict, the Supreme Court may affirm the judgment of imprisonment and reverse the same as to the fine, by directing the court below to strike the same out.

From the Marion Criminal Circuit Court.

*C. H. Test, J. Coburn* and *E. E. Bassett,* for appellant.

*C. A. Buskirk,* Attorney General, *J. E. Heller,* Prosecuting Attorney, and *A. F. Ayres,* for the State.

PERKINS, J.—An indictment as follows was returned against John Kennedy:

"The grand jurors for the county of Marion, and State of Indiana, upon their oath present, that John Kennedy, on the 16th day of October, A. D. 1876, at and in the county of Marion, and State aforesaid, did then and there unlawfully, wilfully, feloniously, purposely and with premeditated malice, in and upon one Clarence Hensley make an assault; and that the said John Kennedy, a certain pistol then and there charged with gunpowder and one leaden bullet, then and there wilfully, unlawfully, feloniously, purposely and with premeditated malice, did discharge and shoot off, to, against and upon the body of the said Clarence Hensley; and that the said John Kennedy, with the leaden bullet aforesaid, out of the pistol aforesaid, then and there, by the force of the gunpowder aforesaid, by the said John Kennedy discharged and shot off as aforesaid, then and there unlawfully, feloniously, wilfully, purposely and with premeditated malice, did strike, penetrate and wound the said Clarence Hensley in and upon the breast of the said Clarence Hensley, giving to the said Clarence Hensley, then and there, with the leaden bullet aforesaid, from the pistol charged and shot off as aforesaid, by the said John Kennedy, in and upon the breast of the said Clarence Hensley, one mortal wound, of the depth of six inches and of the breadth of one quarter

of an inch, of which said mortal wound the said Clarence Hensley then and there died.

"And so the jurors aforesaid, upon their oath aforesaid, do say that the said Frank Kennedy, the said Clarence Hensley, in the manner and by the means aforesaid, unlawfully, feloniously, wilfully, purposely and with premeditated malice, did kill and murder, contrary to the form · of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

A motion to quash the indictment was overruled.

Upon arraignment, the defendant pleaded not guilty.

The trial by a jury of the issues thus made resulted in the conviction of the defendant of murder in the second degree.

A motion for a new trial was overruled.

The jury found " the defendant guilty of murder in the second degree, as charged in the indictment, and that he be fined in the sum of one dollar, and be imprisoned in the state-prison for the period of his natural life."

Errors are assigned.

Counsel for appellant, in their brief, make and argue three points :

1.   That the indictment is bad ;

2.   That the verdict is not justified by the evidence ;

3.   That the sentence and judgment of the court against the defendant are void.

The objection to the indictment is, that the last clause of it is repugnant to the previous portion, in stating that " the said Frank Kennedy " was guilty of the murder shown in the indictment to have been perpetrated by John Kennedy.

The indictment is unnecessarily prolix. It was complete in its charges of the murder, without the addition of the last clause, commencing ·with the words, " And so the jurors aforesaid," etc.   That clause was mere

surplusage. See Bicknell Crim. Pr., pp. 256, 257. It is manifest to any reader of the indictment that the word "Frank," in the last clause, is a mere clerical error.

The repugnancy complained of is in the portion of the indictment which is surplusage. This fact brings the case clearly within the following provisions of the statute :

"No indictment or information may be quashed or set aside for any of the following defects :     *     *     *

"*Sixth*. For any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged ; nor,

"*Seventh*. For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." 2 R. S. 1876, p. 386, sec. 61.

Counsel claim that the evidence did not justify a verdict for murder in the second degree, but only for manslaughter ; that the killing was done upon a sudden heat engendered by a quarrel. We have read the evidence. It fully sustains the verdict. Kennedy had a quarrel with Christina Hensley, but not with the deceased, of a character that would reduce the killing to manslaughter. *Murphy* v. *The State*, 31 Ind. 511, is in point.

We proceed to the third and last ground relied upon for a reversal of the judgment.

That part of the verdict and of the judgment which found and adjudged that the defendant should pay a fine of one dollar is illegal. 2 R. S. 1876, p. 426. The court in rendering its judgment should have disregarded that portion of the verdict and rendered judgment upon the balance. *Veatch* v. *The State*, 60 Ind. 291. But it did not ; and the question now is, can this court affirm the judgment, except as to this one dollar, and reverse as to that ? It ought to have power to do so. It would promote public justice and work no possible harm to the defendant (the appellant), if it should do so. It

would be diminishing the punishment the jury thought the defendant ought to suffer, in the sum of one dollar. We think the statute authorizes this court to thus act upon the judgment. It enacts, 2 R. S. 1876, p. 412:

"Sec. 158. The appellate court may reverse, affirm or modify the judgment appealed from, and may, if necessary or proper, order a new trial. In either case the cause must be remanded to the court below with proper instructions, and the opinion of the court,. within the time and in the manner to be prescribed by rule of the court."

It is in the interest of the public welfare that this section of the statute be liberally construed. By such construction it will authorize this court to modify the judgment in this cause by reversing and striking out the part thereof assessing a fine, and directing the court below to do the same, and affirming the residue, with costs, all of which is ordered accordingly.