## FLINN v. STATE OF INDIANA.

[No. 23,572.   Filed November 18, 1919.]

1. RAPE.—*Sufficiency of Evidence.—Penetration.*—In a prosecution for rape upon a female child under the age of consent, the testimony of the prosecuting witness that she had sexual intercourse with the defendant was sufficient as proof of penetration, where it appeared that she understood the meaning of the term "sexual intercourse." p. 532.

2. CRIMINAL LAW.—*Appeal.—Evidence.—Weight.*—Though the uncorroborated testimony of the prosecuting witness in a statutory rape case was contradicted by the defendant on every essential element, the court on appeal will not disturb the judgment on the evidence alone, unless there is such an ab-

sence of evidence in respect to an essential element as to present a question of law which must be decided in favor of the defendant.   p. 532.

From Lawrence Circuit Court; *James A. Cox,* Judge.

Prosecution by the State of Indiana against Bruce Flinn.   From a judgment of conviction, the defendant appeals.   *Affirmed.*

*Robert L. Mellen* and *Albert J. Fields,* for appellant.
*Ele Stansbury,* Attorney-General, and *Dale F. Stansbury,* for the state.

MYERS, J.—Appellant was indicted, tried, and convicted in the Lawrence Circuit Court of unlawfully and feloniously committing a rape on a female child under the age of sixteen years.   The crime of which appellant was convicted is defined by §2250 Burns 1914, Acts 1913 p. 267.   The overruling of appellant's motion for a new trial is the only error relied on for a reversal of the judgment.   In support of his motion for a new trial his only contention is that the verdict is not sustained by sufficient evidence.   In this connection appellant earnestly insists that the prosecuting witness is without corroboration, and that there is no evidence of penetration.

It is admitted that the prosecuting witness was less than sixteen years of age, and from the evidence disclosed by the record it appears that she understood the meaning of the term "sexual intercourse."   She testified that she and appellant had sexual intercourse.   Her testimony was sufficient as to every essential fact necessary to support the charge.   True, she was squarely contradicted by appellant as to every essential element necessary to warrant a conviction.   As we read this record, the controlling question was for the jury to determine whether it would believe the prosecuting wit-

ness or this appellant. Evidently from the verdict the jury gave the testimony of the prosecuting witness the greater weight. As said in *Shular* v. *State* (1902), 160 Ind. 300, 307, 66 N. E. 746, 748: "The rule is well settled that before this court, upon appeal, is warranted in disturbing a judgment in a criminal prosecution on the evidence alone, there must be such an absence of evidence in respect to some fact or element material to the crime charged as to present a question of law, which, under the circumstances, must be decided in favor of the convicted party."

We have read all the evidence as set forth in the record, and we are unable to affirm that appellant's case is one within the rule announced entitling him to a favorable ruling. If the jury had believed appellant and not the girl, then the verdict should have been in his favor, but it is not our province to weigh the evidence.

Judgment affirmed.

NOTE.—Reported in 124 N. E. 875.