## JACK LEBO v. STATE.

No. A-6181. Opinion Filed May 12, 1928.
(267 Pac. 288.)

Sigler & Jackson, H. W. Broadbent, and Ralph Rawlings, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, who for brevity will hereinafter be referred to as defendant, was convicted in the district court of Murray county on a charge of assault with intent to rape and was sentenced to serve a term of 2½ years in the state penitentiary and to pay a fine of $500.

It appears from the record that at the time charged defendant, a young man about 19 years of age, took the prosecutrix, Lorynne Slaughter, who was in her seventeenth year, riding in an automobile; that the car was stopped not far from town on a highway and there defendant sought to have sexual intercourse with the prosecutrix, who resisted and made an outcry. The prosecutrix testified that she was driving the car, and, not being a good driver, killed the engine, and defendant then took the keys and put them in his pocket, put his hands upon her, and bruised her, and attempted to have intercourse with her; that they remained there an hour and a half or two hours. Several cars passed

while the parties were on the highway and at one time two boys passing heard a sound from the car which they thought was a call, returned by the car, but there was no further outcry. Several cars from Davis went out to search for prosecutrix. Two police officers went in one of the cars. Just before they reached the place where the car was parked, it was started and driven into town to the place where prosecutrix was staying. The police officers followed her there and had an interview with her. She then charged defendant with having attempted to rape her. According to her own testimony, neither her dress nor her underclothing was torn; and, if rape by force was attempted, there appears no reason why she could not have called to, and have procured, assistance from cars passing. A careful consideration of the entire record leads us to believe that defendant did not attempt to rape the prosecutrix by use of force sufficient to overcome her resistance, but sought rather by persuasion and advances to procure her consent to an act of intercourse; that when he was unable to procure her consent, and his advances were repulsed by the prosecutrix, they were not pushed to the extreme of attempting by force to overcome her resistance. The record taken all together clearly makes out a case of aggravated assault and battery. Rose v. State, 32 Okla. 294, 240 P. 754.

The judgment is modified from an assault with intent to rape to an assault and battery, and the punishment fixed at the maximum fine of $100 and 30 days in the county jail. As so modified, the case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.