JOHN CUNNINGHAM v. STATE.

No. A-8537.   Sept. 8, 1933.
(24 Pac. [2d] 1013.)

68

Jack Bradley, and Claud Briggs, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Latimer county of rape in the first degree, and was sentenced to serve a term of fifteen years in the state penitentiary. That part of the information defining and charging the offense is:

"* * * That is to say that he the said defendant, John Cunningham, being then and there a male person over the age of 18 years, did within said Latimer county and State of Oklahoma, on or about the aforesaid date, March 24th, 1932, willfully, wrongfully and feloniously have and accomplish an act of sexual intercourse with one Bernice Small, while she the said Bernice Small was under the influence of intoxicating liquor administered by the said defendant and was thereby prevented from resisting the said unlawful act of intercourse by the defendant, and that by reason of the temporary unsoundness of the mind of the said Bernice Small, caused by the in-

fluence of the intoxicating liquor administered to her by the said defendant as aforesaid, she the said Bernice Small was then and there incapable of giving legal consent to said act of intercourse, she the said Bernice Small being a female person and not the wife of him the said John Cunningham, all of which was with the unlawful and felonious intent upon the part of said defendant to commit the crime of rape in the first degree. * * *"

The state sufficiently supports the charge by proof that defendant either personally or in privity with another furnished intoxicating liquor to the prosecutrix from which she became intoxicated, and while in such state of intoxication the act of sexual intercourse was accomplished. The court limited the offense as charged in instructions 4, 5, 6, and 7, as follows:

"No 4. Now, in this case, if you find and believe from the evidence, beyond a reasonable doubt, that the defendant, John Cunningham, did in Latimer county, Okla., on or about the 24th day of March, 1932, he being then and there a male person over the age of 18 years, willfully, wrongfully, unlawfully and feloniously have and accomplish an act of sexual intercourse with one Bernice Small, while she was under the influence of intoxicating liquor administered by the said defendant and was thereby prevented from resisting the said unlawful act of intercourse by the defendant, and that by reason of the temporary unsoundness of the mind of the said Bernice Small, caused by the influence of intoxicating liquor administered to her by the said defendant as aforesaid, she, the said Bernice Small being a female person and not the wife of the said John Cunningham, all of which was with the unlawful and felonious intent upon the part of said defendant to commit the crime of rape in the first degree, as charged in the information herein, then and in that event you will find the defendant guilty of the crime charged.

"No. 5. If you find the defendant guilty of the crime charged, you may assess his punishment at death, or im-

prisonment in the state penitentiary for any period of time not less than 15 years.

"If you find the defendant guilty of rape in the first degree, as charged in the information and as herein defined to you, but you cannot agree upon the punishment to be inflicted upon him, then you may state in your verdict that you find the defendant guilty of rape in the first degree, as charged in the information, but that you cannot agree on the punishment, and that you request the court to fix or assess the punishment.

"No. 6. The offense charged herein is that of rape in the first degree, and the age of the female is immaterial and should not be considered by you in determining the guilt or innocence of this defendant, as under the law of this state an act of sexual intercourse accomplished with any female by force, whether physical or by use of drugs or intoxicating liquor sufficient to overcome the resistance of the female, is rape in the first degree.

"No 7. You are instructed that under the charge contained in the information herein the state has alleged, and before you can convict the defendant, you must find beyond a reasonable doubt, that the prosecutrix, Bernice Small, was so under the influence of intoxicating liquor, administered by or with the privity of the defendant, that she was thereby prevented from successfully resisting the defendant, and that as a result of her state of intoxication and temporary unsoundness of mind, the defendant was able to and did accomplish an act of sexual intercourse with the said prosecutrix, Bernice Small, against her will."

The verdict finds defendant guilty as charged, and assesses the minimum punishment for rape in the first degree of 15 years.

Rape is defined and divided into degrees by sections 2515 and 2518, Okla. St. 1931, which sections read:

Section 2515:

"Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under either of the following circumstances:

"First. Where the female is under the age of 16 years.

"Second. Where the female is over the age of 16 years and under the age of 18, and of previous chaste and virtuous character.

"Third. Where she is incapable through lunacy or any other unsoundness of mind, whether temporary or permanent, of giving legal consent.

"Fourth. Where she resists but her resistance is overcome by force and violence.

"Fifth. Where she is prevented from resistance by threats of immediate and great bodily harm, accompanied by apparent power of execution.

"Sixth. Where she is prevented from resisting by any intoxicating, narcotic, or anesthetic agent, administered by or with the privity of the accused.

"Seventh. Where she is at the time unconscious of the nature of the act and this is known to the accused.

"Eighth. Where she submits under a belief that the person committing the act is her husband, and this belief is induced by artifice, pretence or concealment practiced by the accused, or by the accused in collusion with her husband with intent to induce such belief. And in all cases of collusion between the accused and the husband of the female, to accomplish such act, both the husband and the accused shall be deemed guilty of rape."

Section 2518:

"Rape committed by a male over 18 years of age upon a female under the age of 14 years, or incapable through lunacy or unsoundness of mind of giving legal consent; or accomplished with any female by means of force overcoming her resistance, or by means of threats

of immediate and great bodily harm, accompanied by apparent power of execution, preventing such resistance, is rape in the first degree. In all other cases rape is of the second degree."

At the time this case was submitted counsel for defendant and for the state presented oral argument, but no written briefs have been filed. The principal contention made is that the charge is for rape in the second degree, and that the instructions of the court classing the offense and instructing a penalty as for rape in the first degree is error. From the foregoing quotations from the information and the instructions, it is evident the charge is based on the sixth subdivision of section 2515, supra, that is, that the intercourse was accomplished with the prosecutrix after she had been administered an intoxicant by, or with the privity of, the accused, which prevented resistance, and that under the provisions of section 2518, supra, intercourse accomplished under such circumstances is rape in the second degree. In the latter section rape is classified, and rape in the first degree is committed only when the act falls under the third, fourth, and fifth subdivisions of section 2515, and under the first subdivision, where the female is under the age of 14 years. The information to some extent intermingles the elements of rape as defined in the third subdivision and the sixth subdivision. The court's instruction 4 likewise intermingles the elements of rape as defined in the third and sixth subdivisions. This intermingling of the provisions of the third and sixth subdivisions has resulted in confusion, for, if the offense charged and proven is under the third subdivision, it is rape in the first degree, and the minimum punishment imprisonment for 15 years, while, if, under the provision of subdivision 6, it is rape in the second degree, the minimum punishment is not less than one year

as fixed by section 2520. Having reached the conclusion that the language used clearly fixes the charge under the sixth subdivision, it follows the instruction of the court defining the offense as rape in the first degree and instructing punishment is error. This error, however, does not require a reversal. This court, under the power to modify judgments, section 3204, Okla. St. 1931, may reduce the judgment to the included offense of rape in the second degree and fix appropriate punishment. Lebo v. State, 40 Okla. Cr. 116, 267 Pac. 288; Plaster v. State, 45 Okla. Cr. 452, 283 Pac. 805; Brasel v. State, 48 Okla. Cr. 403, 291 Pac. 807.

The judgment is therefore modified from rape in the first degree to rape in the second degree, the punishment fixed at four years in the penitentiary, and, as modified, the case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.