RITCHIE *v.* STATE OF INDIANA.

[No. 30,138. Filed April 17, 1963.]

*Richard C. Ver Wiebe,* of Fort Wayne, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl E. Van Dorn,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was charged by affidavit in one count with rape upon one Christine Dees, a female child of the age of 9 years. The offense is alleged to have taken place on the 28th day of July, 1960. The trial was by the court without a jury, and the defendant was found guilty and sentenced to life imprisonment.

The sole assignment of error is the overruling of a motion for a new trial, based upon the items that the finding of the court is contrary to law and is not sustained by sufficient evidence. The argument resolves itself into the contention that there is no substantial evidence of the penetration under the crime of rape.

The evidentiary problem raised in cases of this type has always been one of considerable difficulty for courts when it involves a victim of tender age who, either because of lack of vocabulary or lack of knowledge of the facts necessary for rape or sexual intercourse, is unable adequately to present evidence upon such an issue. The delicacies of the occasion and the sensitivities of the witnesses, which result in uncertain and ambiguous language describing exactly what took place, however, should not outweigh or obscure the protection which the law gives a defendant in requiring that he be proved

guilty beyond a reasonable doubt and by substantial evidence.

We need not recount in detail the distasteful evidence in this case. Suffice it to say that the testimony is uncontradicted that immediately after the alleged attack the clothing and body of the alleged victim had no marks corroborating an act of rape or sexual intercourse. A physician testified that he found some irritation of the prosecutrix's labia but that the hymen was not ruptured. There was no blood or sperm about the girl's body. The appellant admitted in his statements that he had fondled the little girl with his fingers, which the girl corroborates in her statement and which would account for certain irritations about the female organs, according to the physician. We do not intend to thereby create an inference that the hymen must be ruptured to constitute rape, but rather that such a fact may be considered with the prosecutrix's testimony that she "didn't know" what she meant in referring to certain testimony given by her in chief on the element of penetration. Such is the evidence on the issue of penetration. We cannot say that such testimony is clear and substantial upon such an essential element of the crime.

In *Riggs* v. *State* (1956), 235 Ind. 499, 503, 135 N. E. 2d 247, this court said:

> "Although we are not unmindful that by reason of the nature of the details there is a natural reticence for a child of such age to speak out in detail, still the delicacies of the situation should not be permitted to outweigh the fact that a man's liberty and reputable life is at stake. The consequential embarrassment is a small price to pay in return for a showing of the witnesses' understanding of the details upon which such conclusion may be properly or improperly based.

> A child of 12 is not competent to give her conclusion of 'sexual intercourse' without showing her understanding of details supporting such conclusion, while at the same time a more mature person with more knowledge of such matters might be qualified. *Flinn* v. *State* (1919), 188 Ind. 531, 124 N. E. 875."

We feel this statement of principle is applicable because the testimony here on the issue of penetration, which is a necessary element in rape, is uncertain and unsubstantial.

Appellant's counsel, in argument, concedes that there was sufficient evidence to convict the appellant of assault and battery with intent but not the completed crime of rape. We must, likewise, reach the same conclusion.

We have the authority where, under the evidence as found by the court or jury, the accused should have been adjudged guilty of a lesser included offense to modify the judgment by reducing the conviction to that of the lesser included offense of assault and battery with intent (sex) (Burns' §10-403). A new trial may thus be avoided.

Burns' §9-2321 provides:

> "*Power of court on appeal—Remand to trial court.* On appeal, the court may reverse, modify or affirm the judgment appealed from, and may, if necessary or proper, order a new trial. In any case, the cause must be at once remanded to the trial court, with proper instructions, and the opinion of the court shall also be immediately certified to the trial court."

Although the question here is one of first impression in this state, we have, heretofore, on appeal corrected an erroneous sentence without ordering a new trial. Supreme Court Rule 2-40B; *Mann* v. *State* (1933), 205 Ind. 491, 186 N. E. 283;

*Marks* v. *State* (1942), 220 Ind. 9, 40 N. E. 2d 108; *Shoemaker* v. *Dowd, Warden* (1953), 232 Ind. 602, 115 N. E. 2d 443; *Kennedy* v. *The State* (1878), 62 Ind. 136.

In other jurisdictions, under similar statutory language, where the question has arisen as to the power of the court to modify the judgment of conviction so as to reduce it to a lesser included offense, the decisions show little, if any, doubt as to the power of the court.

5 Am. Jur. 2d, Appeal and Error, §938, p. 365 states:

"Under some statutes the reviewing court, in a proper case, may modify a judgment of conviction below and affirm it as a conviction of a lesser degree of the offense charged, or of a lesser crime included therein, where the errors do not affect the conviction of the lesser offense."

Without reference to any statutory authority, it is stated in 24B C. J. S., Criminal Law, §1946, p. 317:

"So too, where in view of the evidence and the entire record accused should have been adjudged guilty of a lesser offense or degree of crime, as a general rule the appellate court need not reserve or order a new trial, but may modify or order the modification of the judgment accordingly;"

The foregoing commentary also notes some authority to the contrary, but such is in the minority.

Oklahoma has a statute worded similarly to that of this state. It says in part that:

"The Appellate Court may reverse, affirm or modify the judgment appealed from. . . ." 22 O. S. 1941 §1066.

In *Kilpatrick* v. *State* (1942), 75 Okla. Crim. 28, 128 P. 2d 246, the appellate court, on the basis of this statute, reduced the crime of which the appellant

was found guilty from rape to assault and battery with intent where the evidence was insufficient for the greater offense but was sufficient to cover that of the lesser. The court said (p. 249) :

> "This court has the power, when it considers it necessary in the furtherance of justice, to modify the sentence which has been imposed. Section 3204, O. S. 1931, 22 O. S. 1941 §1066. Under this statute the Criminal Court of Appeals has the power to reduce the judgment for first degree rape to an included offense and fix appropriate punishment. *Cunningham* v. *State*, 55 Okl. Cr. 67, 24 P. 2d 1013; *Lebo* v. *State*, 40 Okl. Cr. 116, 267 p. 288; *Plaster* v. *State*, 45 Okl. Cr. 452, 383 p. 802."

In a later case from the same state, *Woolridge* v. *State* (1953), 97 Okla. Crim. 326, 263 P. 2d 196, the court on appeal exercised the same authority and stated: (pp. 201-02)

> "After a careful study of the entire record, it is our conclusion that the physical facts and other testimony were sufficient to sustain a conviction for the included offense of assault with intent to commit rape, and in the furtherance of justice, this court will modify; and does hereby modify the conviction for rape in the first degree to that of the included offense of assault with intent to commit rape, and the punishment assessed the defendant is reduced from 15 years in the State penitentiary to a term of five years in the State penitentiary, and as thus modified the judgment is affirmed, under the precedent of *Kilpatrick* v. *State*, 75 Okl. Cr. 28, 128 P. 2d 246; 22 O. S. 1951 §1066"

In Wyoming, a similar statute exists authorizing the court on appeal to "modify" the judgment and sentence. The high court of that state interpreted such a statute as authorizing the court to reduce the judgment to that of a lesser included offense where

the evidence warranted the same. *State* v. *Sorrentino* (1924), 31 Wyo. 129, 224 Pac. 420, 34 A. L. R. 1477. The court said, in construing that statute (pp. 1486-87):

"This construction gives full force to the word 'modify' in §7589, supra, and must, accordingly, be the construction that should be adopted, giving this court full power to modify any judgment. This power should, of course, not be exercised where an error in the record is one which had deprived a defendant of a fair trial throughout, prejudicially affecting the conviction for any crime at all, and it may well be that the power can be exercised only in a comparatively few cases. We think, however, that in view of all of the evidence in this case, it is properly exercised in the case at bar. Manslaughter, though it may be a distinct crime from that of murder, is nevertheless, included in the latter. *State* v. *Quan Sue,* 191 Iowa 144, 179 N. W. 972, 976; *People* v. *Farrell,* 146 Mich. 264, 274, 109 N. W. 440; *Com.* v. *McPike,* 3 Cush 181, 50 Am. Dec. 727. The verdict of murder in the second degree necessarily implies the finding of all of the facts essential to the offense of voluntary manslaughter, and the defendant has had the benefit of a trial for that offense as fully as though the information herein had contained that charge only. The verdict is, as we have seen, excessive, and should be treated as illegal as to such excess, but as to such excess only."

In the State of Ohio, the Constitution contains a provision very similar in wording to the statute in our state, and it has been held, under the interpretation given this constitutional language, that the court has the power to modify a judgment by reducing it to a lesser offense where the evidence warrants the same. *State* v. *Porello* (1941), 139 Ohio St. 239, 34 N. E. 2d 198.

There are a number of states without any constitutional or statutory authority specifically authorizing the modification or alteration of judgments on appeal in criminal cases; yet the high courts of those states have found that they have inherent discretion to do so.

In *Forsha* v. *State* (1946), 183 Tenn. 604, 194 S. W. 2d 463, a conviction of murder in the first degree was reduced to murder in the second degree because of the failure to prove premeditation. The court made the following statement (p. 467):

"In opposition to petitioner's contention that we should reverse and remand for a new trial, the State contends that the conviction of murder in the second degree should be sustained. It is argued that the petitioner has had a fair trial under the Constitution, and the law does not require us to remand for a new trial upon the lesser crimes. We think this position of the State is sound. If the evidence does not preponderate in favor of the petitioner's innocence of murder in the second degree, the State is entitled to have his conviction of that offense affirmed.

"We do no violence to any legal right of petitioner because he has had a fair trial 'by his peers' and was found guilty. There is no insistence that he did not have such a trial as to his guilt or innocence of all offenses.

"The contention made that upon a remand a jury perchance might acquit him of all offenses cannot be given serious consideration. For us to remand this case upon any such hypothesis would be to give recognition to one's right to gamble with the cause of justice to the prejudice of the peace and good order of society. The petitioner admits he is guilty of involuntary mansalaughter.

"While petitioner's counsel has presented the strongest argument that could be made against the power of appellate courts to modify and reduce punishment in criminal cases, we feel that complete justice has been done the petitioner in applying the rule announced in the Corlew case."

For other cases in point, see:

*Corlew* v. *State* (1944), 181 Tenn. 220, 180 S. W. 2d 900, where a conviction of grand larceny was reduced to petit larceny because of the failure to prove that the value of the property taken was sufficient to meet the requirements for grand larceny.

*Wills* v. *State* (1936), 193 Ark. 182, 98 S. W. 2d 72, where the court reduced a conviction of assault with intent to rape to simple assault. See also: *Wilson* v. *State* (1924), 162 Ark. 494, 33 A. L. R 1182.

*Daniels* v. *State* (1944), 196 Miss. 328, 17 So. 2d 793, where assault and battery with intent to kill was reduced to assault and battery.

In the case before us we have a similar situation. The evidence amply proves the lesser included offense, but is insufficient to prove the major crime of rape because of the failure of proof of penetration. All other elements constituting the crime have been proved to the satisfaction of the finder of the facts. It seems to us that public justice is best served by avoiding a second trial over facts already found where a fair trial has taken place. If error had occurred therein which prejudiced the accused so that the trial was unfair, the appellant would, of course, be entitled to a new trial.

The appellant may argue that he is entitled to a new trial, regardless of the showing of any unfairness or prejudicial error. However, the Constitution does not guarantee an accused more than *one fair trial.* This is true whether the accused be convicted or acquitted. If acquitted, he is entitled to plead former jeopardy as to all lesser included offenses covered by the crime charged. If he benefits from double jeopardy attaching to the lesser included offenses in case of acquittal, then it

follows that a conviction after a fair trial includes a conviction of lesser included offenses. The principle must logically operate both ways. The principle enunciated here under which the judgment of conviction may be modified to that of a lesser included offense, is not mandatory in all cases, but rather discretionary with the court under the evidence.

If we, on appeal, may order a modification of the judgment of conviction to that of a lesser included offense because of an insufficiency of evidence on a particular element of crime, then certainly a trial court may do so upon a motion for a new trial, where the grounds exist therefor, in order to correct the error and avoid a useless appeal.

In this case the trial court is directed to modify the judgment of conviction by reducing it to the lesser included offense of assault and battery with the intent (sex) under Burns' §10-403, and to sentence the appellant accordingly.

Achor and Landis, JJ., concur.

Myers, J., concurs with opinion.

Jackson, C. J., dissents with opinion.

## CONCURRING OPINION

MYERS, J.—I concur in the result attained in the majority opinion. The facts in this case warrant the proof, beyond a reasonable doubt, of the lesser included offense, that is, assault and battery with intent to gratify sexual desires. Appellant's attorney admitted his guilt thereto in oral argument. The greater offense of rape was not proven.

The question is whether the judgment of the trial court should be modified and the court directed to sentence appellant accordingly, or, whether this court

should reverse and remand the case for a new trial. The majority opinion indicates that the procedure of modification it follows could be broadly applied in all fields of criminal law. This I cannot agree with, regardless of the position other states have taken. If we are going to deprive a defendant of a new trial after determining that he was wrongfully convicted, it should be done very sparingly and with thorough regard for the nature of his crime and the circumstances of his trial. Otherwise, this court conceivably could be placed in the position of usurping the right to a trial by jury and convicting a defendant without giving him his day in court.

In this particular case, a careful study of the record clearly reveals the propriety of modification of the judgment as ordered.

## DISSENTING OPINION

JACKSON, C. J.—I am unable to concur in the conclusion reached in either the majority or concurring opinion herein and dissent to both.

Appellant was charged with the crime of rape on a nine-year-old girl. Trial was had to the court, resulting in a finding and judgment of guilty, and the imposition of a life sentence on appellant.

I concur in those portions of the majority and concurring opinions holding that there is not sufficient evidence to prove appellant guilty of the crime of rape.

The majority opinion states "[a]lthough the question here is one of first impression in this state. . . ." With this statement I most vigorously disagree. The correct statement would be that this case is only one of a number of like cases heretofore considered by this

court in the past, but that this is the first time this court has had the temerity to usurp the prerogative of a trial court or jury, and to try and sentence an accused in absentia, without trial, without counsel, without an opportunity to face his accuser, substituting its judgment, feeling or opinion for that of the trial court or jury, and depriving the accused of constitutional rights guaranteed him by both the State and Federal Constitutions.

The judgment should be reversed, and the cause remanded to the trial court with instructions to grant appellant's motion for a new trial.

NOTE.—Reported in 189 N. E. 2d 575.