JONES *v.* STATE OF INDIANA.

[No. 30,911. Filed January 10, 1968. Rehearing denied February 20, 1968.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Dennis Dewey* and *Michael Gooch,* Deputy Attorneys General, for appellee.

ARTERBURN, J.—This is an appeal from a conviction of the crime of statutory rape on one Judy Kay Vickery, age 15 at the time of the alleged offense.

Appellant was tried by a jury which found him guilty, and he was sentenced accordingly.

It is first contended that the evidence is not sufficient to sustain the finding of guilty. The main contention is made in this connection on the testimony of the prosecuting witness that she "had intercourse with" the appellant-defendant. The case of *Ritchie* v. *State* (1963), 243

Ind. 614, 189 N. E. 2d 575 is cited in support of this contention. The *Ritchie* case involved a nine year old child who used this term without any description as to what constituted such an act. In the case before us, this prosecuting witness described the time and place and said that "he inserted his privates into my body." The evidence also shows that this prosecuting witness was engaged generally in prostitution, making $400.00 or $500.00 a week, as the evidence revealed. She was not a novice with reference to sexual intercourse and knew what she was talking about. The case cited is not in point. *Flinn* v. *State* (1919), 188 Ind. 531, 124 N. E. 875.

It is next argued that the court should have permitted the appellant to withdraw his plea of not guilty in order to file a motion to quash. The motion to quash is presented to us as based upon the ground that the charge was duplicitous, since the affidavit charged "did then and there unlawfully and feloniously make an assault in and upon one Judy Kay Vickery." It is argued that the affidavit included a charge of assault and battery to rape. In *Richie* v. *State* (1877), 58 Ind. 355, 358, this court said:

> "Every charge of rape necessarily includes a charge of assault and battery, and, under a charge of rape, the jury may find the defendant not guilty of that offence, and guilty of assault and battery."

The assumption of the appellant seems to be that assault and battery and rape are separate and distinct offenses, to which we cannot agree.

In *Martin* v. *State* (1964), 246 Ind. 43, 201 N. E. 2d 42, 45, it is said:

> ". . . In argument, appellants contend duplicity in that two separate and distinct offenses, being assault and rape, are charged in count two. This court has upheld similar charges of rape. (Cases cited)."

We therefore find that the court committed no error in refusing to permit the withdrawal of the plea of not guilty

in order to file a motion to quash, since the motion to quash, on the grounds stated, should have been overruled, and the appellant was thus not thereby prejudiced.

Finally, it is contended that appellant should have been permitted to introduce the juvenile court records of the prosecuting witness, Judy Kay Vickery. Statutes of Indiana provide that the juvenile records are not to be considered as criminal records and are not to be revealed to the public generally. It is stated:

> "No adjudication upon the status of any child in the jurisdiction of the court shall operate to impose any of the civil disabilities ordinarily imposed by conviction, nor shall any child be deemed a criminal by reason of such adjudication, nor shall such adjudication be deemed a conviction, nor shall any child be charged with or convicted of a crime in any court, except as provided in section 14 [§ 9-3214] and section 23 [§ 9-3223] of this act. The disposition of a child or any evidence given in court shall not be admissible as evidence against the child in any case or proceeding in any other court. . . ." Acts 1945, ch. 356, § 15, p. 1724; 1957, ch. 356, § 2, p. 1040, being Burns' Ind. Stat. Anno. § 9-3215 [Supp. 1967].

In *Noel* v. *State* (1966), 247 Ind. 426, 215 N. E. 2d 539, we held the court did not err in excluding juvenile court records in a charge of "enticing a female into an immoral place."

If the purpose of the introduction of these records is to show the prosecuting witness was a person of immoral character to affect her credibility, there was more than sufficient evidence introduced on that point. The witness admitted she was a shoplifter as well as a prostitute. Her credibility was a question for the trial court—not for us.

The judgment of the trial court is affirmed.

Lewis C. J., Mote and Hunter, JJ., concur.

Jackson, J., concurs with opinion.

CONCURRING OPINION

JACKSON, J.—Appellant was charged by affidavit with the crime of rape, which affidavit, omitting heading, formal parts and signatures thereto, reads as follows, to-wit:

"BE IT REMEMBERED, That, on this day before me, NOBLE R. PEARCY, Prosecuting Attorney of the Nineteenth, Judicial Circuit, personally came EDWARD CLOUSE who, being duly sworn, upon his oath says that WILLIAM EDGAR JONES on or about the 21st day of DECEMBER, A.D. 1964, at and in the County of Marion in the State of Indiana, did then and there unlawfully and feloniously make an assault in and upon one JUDY KAY VICKERY then and there being a female child under the age of sixteen (16) years, to-wit: of the age of FIFTEEN (15) years, and she then and there not being the wife of the said WILLIAM EDGAR JONES and did then and there feloniously and unlawfully ravish and carnally know her, the said JUDY KAY VICKERY then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

Trial was had by jury beginning on September 7, 1965, and concluded on September 9, 1965, when the jury returned a verdict of guilty of the crime of rape as charged in the affidavit.

In the instant case the sole evidence relied upon for the conviction in the trial below, was that of the prosecuting witness, Judy Kay Vickery, who was of the age of fifteen (15) years at the time of this occurrence. As shown by the majority opinion and the record the witness testified that she was a prostitute who was at that time earning from her illicit trade the sum of between $400.00 and $500.00 per week, and in addition thereto was an admitted shoplifter.

The appellant sought to have introduced in evidence certain records from the Juvenile Court relating to the prosecuting witness, Judy Kay Vickery, to show that she was a person whose previous record as delineated by the proceedings in the Juvenile Court would show that her testimony was

not worthy of belief, and that no credence should or could be placed on such testimony. In other words the defendant was attempting to attack the credibility of her testimony by the record in the Juvenile Court.

The majority opinion I think erroneously holds that such juvenile records were properly excluded from introduction in the case at bar for two reasons. The first reason being that the witness admitted that she was a shoplifter as well as a prostitute. The second being that the statute itself holds that the records are not admissible.

The statute, Acts of 1945, ch. 356, § 15, p. 1724, as amended by Acts 1957, ch. 356, § 2, p. 1040, being Burns' § 9-3215, 1967 Cum. Supp., in pertinent part reads as follows, to-wit:

> "No adjudication upon the status of any child in the jurisdiction of the court shall operate to impose any of the civil disabilities ordinarily imposed by conviction, nor shall any child be deemed a criminal by reason of such adjudication, nor shall such adjudication be deemed a conviction, nor shall any child be charged with or convicted of the crime in any court, except as provided in section 14 [§ 9-3214] and section 23 [§ 9-3223] of this act. *The disposition of a child or any evidence given in the court shall not be admissible as evidence against the child in any case or proceeding in any other court, nor shall such disposition or evidence operate to disqualify a child in any future civil service examination, appointment or application.*" (Emphasis supplied).

As I interpret the statute, Burns' § 9-3215 (*supra*), it does not apply to the witness in the case at bar. She is the prosecuting witness here, clothed with the same standing as any other witness in a criminal case and having neither more nor less immunity than any other witness. She can be examined in direct, cross, re-direct and re-cross examination. Her testimony is subject to impeachment to the same extent as that of any other witness. This was not an action against a juvenile. It was a criminal prosecution against an adult defendant, during the course of which the state elected to use as its principal witness a juvenile who had a record in a juvenile

court. The State was the party objecting to the introduction of the juvenile records—why. The very testimony of this witness at the trial made it abundantly clear that she was a delinquent, many times in many ways. If in fact she was an adult, or over the age of consent, then the appellant could not and should not have been convicted of the offense charged.

I am of the opinion that the attempted prohibition of the use of the juvenile records "against the child" does not and did not preclude the use of those records, in cases such as the one at bar, where the juvenile is the only witness on whose testimony the State depends for the conviction of the appellant. Her admitted acts of prostitution and shoplifting are in my opinion sufficient to cast doubt on the credibility of the witness, as well as on her character. At this point the juvenile records, if any, of the witness should be admissible in evidence either for or against the witness on that question.

The intent of the various juvenile statutes was to protect the young and innocent transgressor from the consequences of his or her acts during the period of time that such legislation was and is applicable to such individual. The theory being that youth and inexperience, while not justifying or excusing the acts that in an adult would be punishable by fine and/or imprisonment, should protect them from the consequences of their folly. That by so extending the protection of the juvenile statutes, these children could be rehabilitated and made useful and productive citizens, rather than doom them to a life of crime or at least to an existence that would be burdened with a previous criminal record that would follow them for the balance of their days. It appears that the laudable intent of such laws has in too many instances failed to produce the results desired and expected. On the contrary it seems that such laws have created a privileged class, created an impregnable sanctuary, that in too many instances insulated and immunized them from the justly merited punishment their acts deserve. The purported secrecy of the proceedings has proven to be more fiction than fact, in that in

nearly every instance when a child is hailed into Juvenile Court knowledge of that fact is broadcast in the vicinity of the residence of the juvenile, and often times the speculation as to why the child has had to appear in the Juvenile Court is more injurious than the facts would be were they a matter of public knowledge.

In the case at bar, the juvenile delinquent is not a dewey eyed, innocent young woman, unacquainted with the facts of the seamier side of life, but appears to be a financially successful practicing prostitute and shoplifter. She is, as disclosed by the record and proceedings in this court, the person responsible for the prosecution of a number of other people on various charges. She was the prosecuting witness. On the basis of the testimony adduced at the trial of the case at bar, it would appear problematical that hers is a case where the authorities could with any degree of reasonableness be expected to contend that she would be rehabilitated and returned to society as a useful and respected member thereof.

In the case at bar, it seems inconsistent to me that society should use this person as the instrument by which it seeks to punish the persons who dealt in the illicit commerce peddled by this individual, in that it asks on one hand that her testimony be taken as gospel truth, and yet seeks to keep from the eyes and ears of the jury whatever record, juvenile or otherwise, there may be in the past of this witness that would cast doubt on her veracity, morality and credibility. As a matter of public policy, it seems to me either the bars attempting to keep secret the testimony and record adverse to the witness should be thrown down, or in the alternative such a witness should not be permitted to appear and testify in a criminal case.

Finally we are confronted with the fact that recently the United States Supreme Court in the case of *In Re Gault* (1967), 18 L. ed. 2d 527, has extended to juveniles all of the protections that are granted to adult criminal defendants,

namely the right of representation, opportunity to confront their accuser, appeals, transcripts, etc. I am not willing or satisfied to acquiesce in the situation whereby these juvenile delinquents possess privileged immunities by virtue of which they can conduct their forays on society without fear of effective punishment or discipline, and at the same time be granted in the juvenile courts all the protection afforded a hardened criminal in a criminal case. I therefore conclude that if these juvenile delinquents are to be used as witnesses to convict persons of violations of criminal laws, then the secrecy sections of the juvenile code must be abrogated as to such witnesses.

I agree that the appellant's conviction in the lower court should be affirmed, on the theory that he well know when he was consorting with this person that she was under age and he therefore voluntarily assumed the risks incident to the transaction.

NOTE.—Reported in 232 N. E. 2d 587.