Michael C. DILLON, Appellant,

v.

STATE of Indiana, Appellee.

No. 282S56.

Supreme Court of Indiana.

April 14, 1983.

David Capp, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., James W. Turpen, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Michael Dillon, was convicted of child molesting, a class B felony defined by Ind.Code § 35–42–4–3(a). The trial was by jury. The charge was that he had had sexual intercourse with a nine year old girl, M.H. Appellant was sentenced to serve a term of imprisonment of fifteen years. He has appealed the conviction, claiming that the evidence was insufficient and that the court erred in refusing to give a lesser included offense instruction.

In resolving the question of whether the evidence was wholly insufficient to support the jury verdict, we do not weigh the evidence nor resolve questions of credibility, but look to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State,* (1970) 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Turner v. State,* (1972) 259 Ind. 344, 287 N.E.2d 339.

This conviction rests upon the pre-trial statements and in-trial testimony of M.H.

M.H. was born September 24, 1971. At the time of the alleged offense in April or May, 1981, she was nine and one-half years old. At the time of the trial she was one month short of being ten. The trial court questioned her and determined that she was a competent witness.

There was evidence that appellant was instrumental in having M.H., her younger sister and blind mother move into the house next door to his parents' house, between the first and third of April 1981. They moved out on May 7, 1981. Their apartment consisted of a kitchen, bathroom and living room. Appellant sometimes slept with the woman and the two girls in the living room. He disciplined the girls, drove them from school, helped M.H. with her school work, had M.H. help him do laundry in the basement of his parents' home, wash windows at the church where his father was janitor, and work on his van. He exercised parental authority over M.H. He did not, however, have sexual relations with her mother. The mother of M.H. wanted to establish a permanent relationship with appellant and to marry him, but he would not assent.

M.H., while only a child, was required to perform important tasks for the family, since her mother was blind and divorced from her father, and her sister was younger.

M.H. testified under oath from the witness stand that one day while she was living in the house next door to appellant's parents' house, appellant told her mother that he and M.H. were going out and work on his van. He then turned around and asked her to go with him. She went with him, and he led her to his father's house, where he unlocked the basement door with a key. They descended into the basement where he screwed a light bulb in to illuminate the darkened area and told her to lie on a rug. He pulled down her pants and unzipped his. She testified that he then put his thing inside her between her legs causing her pain and bleeding. She also testified that on one of the nights while they were all sleeping in the living room, appellant put his thing in her mouth, that some stuff came out of it, that it tasted funny and so she spit it out.

Appellant contends that what M.H. said is uncorroborated, fraught with inconsistencies and conflicts, and the product of ill-will, and as such cannot constitute evidence warranting conviction. Illustrative of the specific weaknesses appellant finds in the testimony of M.H. are: her lack of recall of the time and date of the sexual contact and the clothes she and appellant were wearing, her failure to inform others immediately of the sexual contacts, the lack of corroboration where corroboration might reasonably be expected, her animus towards appellant, and defense testimony that appellant had no access to a key to the basement.

Appellant relies upon *Thomas v. State,* (1958) 238 Ind. 658, 154 N.E.2d 503, where this Court reversed a conviction for public indecency where the evidence of identity

was limited to that of two young girls. They testified that the defendant had talked to them in a park, showed them some obscene pictures and made an indecent exposure to them. The Court stated that a conviction may not stand on evidence that is inherently improbable and runs counter to human experience. The Court noted that it did not weigh the evidence but considered its inherent inconsistency and improbability. The Court noted that the initial description given by the girls was vague and their positive identification did not come until months after the event. Of exceptional weight with the Court was its belief that children are easily influenced by suggestion, and that one of the girls got "carried away with the excitement of the trial." She displayed a vivid and lively imagination, making at least two fanciful and impossible claims. In *Ritchie v. State,* (1963) 243 Ind. 614, 189 N.E.2d 575, the Court found the uncorroborated testimony of a nine year old on the issue of penetration to be uncertain and unsubstantial. The Court observed:

> "The evidentiary problem raised in cases of this type has always been one of considerable difficulty for courts when it involves a victim of tender age who, either because of lack of vocabulary or lack of knowledge of the facts necessary for rape or sexual intercourse, is unable adequately to present evidence upon such an issue. The delicacies of the occasion and the sensitivities of the witnesses, which result in uncertain and ambiguous language describing exactly what took place, however, should not outweigh or obscure the protection which the law gives a defendant in requiring that he be proved guilty beyond a reasonable doubt and by substantial evidence." 243 Ind. at 616, 189 N.E.2d 575.

The *Thomas* case involved the child witness who is very susceptible to suggestion and who displays a vivid and uncontrollable imagination and fancy. The *Ritchie* case involves the child witness who lacks the verbal skills to communicate past experiences. M.H. did not demonstrate qualities of either kind to an appreciable degree. At first on the stand she was reluctant to speak out. With only a moderate prodding by the prosecutor she then did so, using terms appropriate to her age and experience. She was able to describe her experiences in a straightforward, simple, and understandable manner. Her answers to questions on both direct and cross-examination did not include digressions into fantasy and were responsive and logical. During a long, sensitive and probing cross-examination she was given opportunity after opportunity to embellish upon her story, but she did not do so. She was given opportunities to make herself a more pitiable figure and to cast appellant in a worse light. She did not do so. The anger which may have been behind her deposition statement that she hated appellant was not displayed before the jury. She testified that at times she liked appellant and there were times when she did not. She said that there were times when she felt safe with him and times when he scared her. On other occasions she simply denied having knowledge of events which might have provided her with a good reason to "tell on" appellant or to keep their sexual contacts secret. When confronted with questions which were skeptical of her testimony or which revealed her lack of recollection of details of the events, she sought no refuge and gave no excuses. The only conclusion that an appellate court could reach here is that the uncorroborated testimony of M.H. while that of a child, was not so "incredible, vacillating, contradictory, weak, improbable or uncertain that it would not be" 'substantial evidence of probative value from which a jury could reasonably find or infer the existence of each material element beyond a reasonable doubt'." *Fox v. State,* (1979) Ind.App., 179 Ind.App. 267, 384 N.E.2d 1159, (concurring opinion of Miller, J.) The weaknesses and contradiction, like the opposing evidence by defense witnesses was for the jury to consider and weigh in arriving at its verdict.

Appellant also contends that the trial court committed error in refusing to give his tendered instruction describing the offense of battery as a lesser and included

offense of child molesting. Child molesting as charged was sexual intercourse with a child under twelve years of age. Ind.Code § 35–42–4–3(a). No allegations of being armed, using force or causing serious bodily injury were present in the charging instrument and such elements were not present in the jury instructions of the court. Appellant's rejected instruction did not limit itself to simple battery, the class B misdemeanor, but included reference to the more serious form of battery involving serious bodily injury. It was therefore overbroad in its coverage, defining an offense which could not be included within child molesting as charged. Under such circumstances the court was within its authority in rejecting the entire instruction. *McCormick v. State,* (1982) Ind., 437 N.E.2d 993. The conviction is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.