**Edwin Russell JOHNSON, III, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 64A03–8909–CR–377.

Court of Appeals of Indiana, Third District.

April 26, 1990.

G. Anthony Bertig, Law Offices of James V. Tsoutsouris, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Defendant-appellant Edwin Russell Johnson, III, appeals his conviction of operating a vehicle with a blood alcohol content of .10% or more while having a prior driving while intoxicated in violation of IND. CODE § 9–11–2–3 (1988 Ed.), a Class D felony.

The facts relevant to this appeal disclose that on August 16, 1988, defendant was arrested and charged with driving while intoxicated and driving while intoxicated with a previous driving while intoxicated offense. Defendant was convicted by a jury of operating with a blood alcohol content of .10% or more but acquitted of driving while intoxicated. Defendant was sentenced for operating with a blood alcohol content of .10% or more while having a prior driving while intoxicated conviction in violation of IND.CODE § 9–11–2–3, a Class D felony.

One issue is dispositive of this appeal: whether the defendant could be convicted of a lesser included offense not charged in the information.

The charging information for driving while intoxicated, a Class A misdemeanor (IND.CODE § 9–11–2–2), provided in relevant part that defendant did "unlawfully operate a motor vehicle . . ., while intoxicated, then and there being contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Indiana."

Defendant was also charged by information with driving in violation of IND.CODE § 9–11–2–1 or 9–11–2–2 with previous conviction, a Class D felony, pursuant to IND. CODE § 9–11–2–3. The charging information read in pertinent part that defendant

"did violate IC 9–11–2–1 (Operate Vehicle with .10% or More BAC, Class C Misdemeanor) on or about the _____ day _____ 19__ or IC 9–11–2–2 (Operating a Vehicle While Intoxicated, Class A Misdemeanor) on or about the 16th day of August, 1988 when he had a previous conviction of operating while intoxicated which occurred within five years immediately preceding the occurrence of the violation, to wit: 5–18–87, then and there being contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The date following the reference to the BAC offense, IND.CODE § 9–11–2–1, had originally been written in the spaces but then crossed out, leaving only the date following the reference to the DWI offense, IND.CODE § 9–11–2–2.

Appellant claims that he was only charged with driving while intoxicated, a Class A misdemeanor, and the felony enhancement charge due to a prior offense within five years. Thus, he argues that his due process rights were violated because he was convicted of a BAC offense for which he was not placed on notice.

The State argues, in response, that appellant was placed on notice of the BAC offense in the information charging him with driving in violation of IND.CODE § 9–11–2–1 or 2 with a previous conviction. However a review of the charging information shows that the date following the reference to the BAC offense was deleted so that only the date following the reference to the DWI offense remained. It appears from this charging information that defendant was only being charged with a violation of IND.CODE § 9–11–2–2, the DWI

statute, with a previous conviction. Furthermore, a separate charging information was filed only for a DWI offense and not for a BAC offense.

This Court has held that a BAC offense is a lesser included offense of DWI. *Sering v. State* (1986), Ind.App., 488 N.E.2d 369. However, if the prosecutor does not insert additional language showing an intent to charge any lesser offenses, the information must be held to charge only the greater offense. *Slayton v. State* (1984), Ind.App., 471 N.E.2d 1154. In *Sills v. State* (1984), Ind., 463 N.E.2d 228, the court upheld the trial court's refusal to give defendant's instructions on lesser included offenses. The defendant was charged with murder and had wanted instructions on the lesser offenses of involuntary manslaughter and battery given to the jury. The court held that defendant was not entitled to these instructions because the information charging him with murder was insufficient to charge him with any lesser offenses. The court in *Sills* quoted its decision in *Jones v. State* (1982), Ind., 438 N.E.2d 972, in which it stated, "the state through its drafting can foreclose as to the defendant, the tactical opportunity to seek a conviction for a lesser offense. The point is that absolute discretion rests in the state to determine the crime(s) with which which a defendant will be charged." *Id.* at 975. When the State seeks only to charge the greater offense, injecting a lesser offense would allow the jury to return a compromise verdict. *Sills, supra,* at 235.

Clearly in this case the prosecutor sought only to charge the defendant with the greater offense, DWI. The prosecutor in the DWI charging information closely tracked the statutory definition of that offense foreclosing any opportunity to convict defendant of the lesser BAC offense.[1] Thus, defendant could not be convicted of the lesser BAC offense. His conviction for operating a vehicle with a blood alcohol content of .10% or more while having a prior driving while intoxicated, a Class D felony, must be reversed.

Reversed.

CONOVER, J., concurs.

GARRARD, J., dissents with opinion.

GARRARD, Judge, dissenting.

The question presented is whether it is proper to instruct the jury (and secure conviction) on a violation of IC 9–11–2–1 (the BAC offense) when an accused is charged by an information which alleges only a violation of IC 9–11–2–2 (the DWI offense).

IC 9–11–2–3, under which Johnson was charged, states that a person who violates either of the foregoing sections commits a class D felony if he has a prior conviction of operating while intoxicated within five years of the date of the instant offense.

I agree with the majority that under the circumstances present here the language of the information fails to allege a BAC violation. The alternative language referring to BAC with the date stricken should be treated as surplusage.

In *Sering v. State* (1986), Ind.App., 488 N.E.2d 369 the court held that the double jeopardy provision barred conviction and sentence for both the BAC offense and the DWI offense based upon a single set of operative facts. The court reasoned that while the offenses might be distinct under the analysis of *Blockberger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (adopted by Indiana in *Elmore v. State* (1978), 269 Ind. 532, 382 N.E.2d 893) multiple punishment was nevertheless prohibited pursuant to clause three of IC 35–41–1–16. That clause includes within the definition of included offense an offense that.

> ... differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lesser

---

1. The DWI statute provides: "A person who operates a vehicle while intoxicated commits a Class A misdemeanor." IND.CODE § 9–11–2–2 (1988 Ed.).

   The relevant portion of the BAC statute reads: "A person who operates a vehicle with ten-hundredths percent (0.10%), or more, by weight of alcohol in his blood commits a Class C misdemeanor." IND.CODE § 9–11–2–1 (1988 Ed.).

kind of culpability is required to establish its commission.

The court concluded that the BAC offense was within that definition because the only difference between it and the DWI offense was that the BAC offense involved a less serious risk of harm to the public interest. 488 N.E.2d 375.

I have no quarrel with the *Sering* analysis. However, the fact that double jeopardy may bar conviction and sentence for both a BAC violation and a DWI violation based on a single incident does not necessarily mean that either the state or the accused is entitled to have the jury instructed on the lesser BAC violation where DWI is charged in the information. *See Rouse v. State* (1988), Ind.App., 525 N.E.2d 1278 where the court held that it was reversible error to instruct the jury that causing death while guilty of the BAC offense was a lesser included offense of causing death while guilty of the DWI offense.

The key to that determination lies in the due process requirement that a defendant have notice of the charge(s) upon which he may be convicted. *See, e.g., Garcia v. State* (1982), Ind.App., 433 N.E.2d 1207.

Where the lesser offense in question is a possibly included offense (*see Roddy v. State* (1979), 182 Ind.App. 156, 394 N.E.2d 1098) then as the majority suggests the dictum of *Jones* and *Sills* [1] has application. That is to say, if the information omits the necessary factual allegations to adequately allege the lesser offense, then no instruction on that lesser offense should be given.

On the other hand the *Jones–Sills* dictum can have no rational application where the lesser offense is an inherently included offense. By definition in such instances, charging the greater offense necessarily includes charging the lesser. *See Jones*, 438 N.E.2d at 974.

Thus, in the case at bar the question becomes whether an offense that is an "included offense" by virtue of the third clause of IC 35–41–1–16, is necessarily such

so that it automatically passes the first step inquiry concerning instructions (*see, e.g., Lawrence v. State* (1978), 268 Ind. 330, 375 N.E.2d 208). If it is merely a possibly included offense, then the information must allege facts sufficient to encompass the lesser offense. *Jones*, 438 N.E.2d at 975.

Arguably the latter possibly included offense approach might be applied to third clause included offenses. Since the first clause of IC 35–41–1–16 covers offenses traditionally considered inherently included, it might be urged that the third clause was therefore intended to apply to something else. Moreover, as the court noted in *Sering* a technical *Blockberger* analysis may well result in the conclusion that each offense requires an element not found in the other.

The result would be to preclude lesser included offense consideration unless the factual allegations of the charge were sufficient to cover all the elements of the lesser offense. *See, e.g., Dillon v. State* (1983), Ind., 447 N.E.2d 581. We might fairly expect that such a test would not often be met since the prosecutor would be unlikely to allege both a greater and lesser form of either culpability or potential harm in the same count.

Thus, where the evidence was uncertain or the state doubtful of its case, in order to aid effective prosecution the state would be left with the prospect of charging the greater offense in one count and the lesser in a second count. It could then proceed to trial on both offenses, subject of course to the necessity of the court vacating any conviction and sentence on the lesser count if the jury returned a guilty verdict on both counts. *Sering, supra.*

It seems to me that a more sound approach is to treat a clause three included offense as necessarily included. The inquiry concerning the propriety of an instruction would then shift to the second step of analysis under *Lawrence* and *Roddy* and their progeny, *i.e.*, is there a ration-

---

**1.** Only one Justice joined the author of the lead opinion in *Sills*. Two concurred in result and one dissented.

al basis under the evidence upon which the jury might conclude that the lesser offense was committed while the greater offense was not. *See, e.g., Jones v. State* (1986), Ind., 491 N.E.2d 980.

IC 35–41–1–16 supports this approach. Certainly, the third clause is intended to cover offenses other than those described in the first clause. On the other hand, the statutory intent is clearly to declare the offenses described in all three clauses as *included* offenses.

By treating the clause three offenses as included and then focusing upon the second step of the two-part test it appears to me that we would bring into harmony both the double jeopardy and instruction aspects of lesser offense law, we would avoid much of the confusion that attends lesser offense analysis, and we would focus more clearly upon the evidentiary considerations that disclose whether an accused or the state are seeking a compromise appeal to sympathy or prejudice rather than a fair determination by the jury. Concerning the defendant's appeal, *see, e.g., Tawney v. State* (1982), Ind., 439 N.E.2d 582, concerning the state's, *see, e.g., Beck v. Alabama* (1980), 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392.

For these reasons I would uphold the conviction.

I therefore dissent.