Duncan *v.* Welty.

15 Peters, 93; 14 Texas, 318; 6 B. Mon., 67; *id.*, 74; 7 *id.*, 116; 10 Smedes & M., 143; 2 Sug. on Ven., 880, marg. note 2; 2 Hill on Mort., 632.

A vendor's lien is an equitable mortgage. A mortgage is a mere security, and does not entitle the mortgagee to possession; and the payment of the debt renders the mortgage inoperative for any purpose. There is, therefore, no legal reason why an instrument may not operate both as a deed and a mortgage. 1 Hill on Mort., 334; 2 G. & H., (Statutes,) 355, § 1; *id.*, 294, Note.

It has been decided in New York, that the acceptance of a deed for mortgaged property, containing a provision that the grantee is to pay the mortgage debt, binds him as effectually as if he had signed the deed. 9 Paige, 446; *id.*, 432; 2 Sandf., ch. 478; *id.*, 251; 2 Denio, 595; 2 Kernan, 74; 8 Smith, (22 N. Y.,) 438.

---

## DUNCAN *v.* WELTY.

JURY—PRACTICE.—It is the province of a jury to determine the credibility, but not the competency of a witness.

WITNESS.—A person over fourteen years of age is presumed competent to testify, and whether he has sufficient capacity to understand the obligations of an oath, or the penalty for false swearing, are questions for the determination of the Court, and not the jury.

PRACTICE.—In a prosecution for seduction, where the person seduced is a witness, the jury, in order to determine her credibility, may consider her relation to the plaintiff, his influence over her conflicting statements as to the paternity of the child, and the age and general physical condition of the defendant at the time of the alleged seduction.

APPEAL from the *Carroll* Circuit Court.

DAVISON, J.—*Henry Welty*, the father of one *Mary Ann*

Duncan *v.* Welty.

*Welty*, brought this suit against *Duncan*, for the seduction, &c., of his daughter. The charge, in the complaint, is, that defendant, in the month of *August*, 1858, by acts, threats, and force, debauched and had carnal knowledge of her, *Mary Ann*, and begat her with child, when she was only sixteen years old. Defendant answered by a denial; verdict for the plaintiff, upon which the Court, having refused a new trial, rendered judgment. *Mary Ann Welty* was introduced as a witness on the trial. Upon her examination she stated thus: "I can not read; I never went to *Sunday* School; I do not know the obligations of an oath; I suppose it requires me to tell the truth; I do not know the consequences of swearing falsely; no one ever instructed me as to the nature of an oath; I know it is wrong to swear a falsehood." In reference to this statement, the defendant moved to instruct the jury as follows: 1. "If you are satisfied that *Mary Ann Weltg* does not understand the obligations of an oath, you should disregard her testimony." 2. "If you are satisfied that she, *Mary Ann*, does not know there is any penalty, human or divine, for false swearing, you should reject her testimony" These instructions were refused, and we think correctly. The witness was over sixteen years of age. In point of law she was presumed to be competent to testify, and whether from the facts adduced by her statement, she was not of sufficient capacity to understand the obligations of an oath, or the penalty for false swearing, were questions for the Court, and not the jury, to determine. 2 R. S. p. 81, sec. 239; 1 Ph. Ev., 4th Am. Ed. p. 4, *et seq.* Perhaps it would have been competent for the Court, on the defendant's motion, to exclude the testimony from the consideration of the jury; but the errors of the instructions are, that they direct the jury to satisfy themselves, not as to the credibility, but as to the competency of the witness. *Reynolds* v. *Loundsbury*, 6 Hill 534; *Carpenter* v. *Dame*, 10 Ind. 125.

Duncan *v.* Welty.

And further, the defendant moved to instruct the jury: 1. "It is your duty to determine the credibilty of *Mary Ann Welty*, and in so doing you may, if the evidence warrants it, consider her relation to the plaintiff, his influence over her, and her contradictory statements as to who is the father of the child, if she made any contradictory statements as to that fact, and any improbability in the statements she makes. 2. If you find that the defendant was, at the time of the alleged begetting of the child, sixty-three or sixty-four years of age, and if the witness, *Mary Ann*, swears that the connection was forcible and against her will, then it is for you to say, from the evidence, whether such accusation is probable. 3. If you find, from the evidence, that the accused was sixty-three or sixty-four years old, at the time of the alleged carnal intercourse, then you are to consider, from the evidence, whether such a thing was practicable, under the circumstances stated by the witness." These instructions were refused, and the defendant excepted. We think they should have been given. It was, obviously, the duty of the jury, in coming to a conclusion as to the credibility of the witness, to consider her relation to the plaintiff, his influence over her, and her contradictory statements as to who was the father of the child." And if, as there was evidence tending to prove, that the defendant was sixty-three years old, stiffened with age, and not having the proper use of himself, it was for the jury to determine as to the practicability of the transaction detailed by the witness. In looking into the whole record it sufficiently appears that the proposed instructions were pertinent to the evidence, and were, therefore, proper directions to the jury.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for further trial.

*L. B. Sims, D. D. Pratt* and *D. P. Baldwin*, for the appellant.
*H. P. Biddle* and *L. Chamberlin*, for the appellee.