OBIE *v.* STATE OF INDIANA

[No. 28,908. Filed June 18, 1952. Rehearing denied October 1, 1952.]

*T. Ernest Maholm,* of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General; *William T. McClain* and *John Ready O'Connor,* Deputy Attorneys General, for appellee.

GILKISON, J.—Appellant filed his coram nobis petition with the Porter Circuit Court, in which among other things, he alleged that on February 21, 1949, he was tried by jury in that court and found guilty of the crime of grand larceny, and was sentenced to the Indiana State Prison for not less than one nor more than ten years, fined fifty dollars and adjudged to pay the costs. Upon such sentence he was immediately incarcerated in the prison where he has since remained.

There was a matter of fact which had the court known at the time would have prevented appellant's conviction, as follows: The affidavit upon which appellant was tried, omitting caption, signature and verification, was in words and figures, as follows:

> "George Nicholson swears that Robert Obie, late of the county and state aforesaid, on or about the 3rd day of September, A.D. 194__, did then and there, at and in said county and state unlawfully and feloniously steal, take and carry away railroad and crane equipment of the personal goods of the Crisman Sand Company, Inc., and then and there of the value of three hundred dollars ($300.00) contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

This affidavit is stamped by the clerk "Filed in open court Sep. 7, 1948."

It is further charged that this affidavit was not sufficient to give the court jurisdiction of the person of appellant, or of the subject matter of the attempted charge.

The state's general demurrer to this petition was sustained and a final judgment was rendered against appellant on March 10, 1952, from which this appeal is taken.

The pertinent assignment of error is that the court erred in sustaining the demurrer to the petition.

The only point presented is that the affidavit upon which appellant was tried and convicted charged the larceny as having been committed on September 3, A.D. 194_, which of course, is an impossible date for one now living to have committed a crime.

Appellant contends that it is the law that:

"The time of the commission of an offense must be charged as being prior to the return of the indictment, and must not be so long prior as to show that the crime charged is barred by the statute of limitations."

With this statement of the law, we agree completely. It would be quite effective if the affidavit had been attacked by a motion to quash which is the manner of attack provided by law, §9-1129 Burns' 1942 Replacement. *Rowe* v. *State* (1921), 191 Ind. 536, 538, 133 N. E. 2. *Robinson* v. *State* (1916), 185 Ind. 119, 123, 113 N. E. 306. It is apparent that the affidavit in the instant case was never so attacked. In such situation, even on appeal, the question attempted to be presented in this case is deemed waived. *Robinson* v. *State, supra* and cases there cited. *Guetling* v. *State* (1927), 199 Ind. 630, 632, 158 N. E. 593. *State* v. *Beach* (1897), 147 Ind. 74, 77, 43 N. E. 949, 46 N. E. 145.

No question of the denial of a constitutional right is presented in this appeal. Apparently the petitioner was adequately represented in the trial of his criminal case in the lower court. He makes no complaint here, as to the sufficiency of his representation. He was tried by a jury. It has always been held that a writ of error coram nobis cannot be used as a substitute for an appeal. *Fluty* v. *State* (1947), 224 Ind. 652, 660, and cases there cited, 71 N. E. 2d 565.

The function of a writ of error coram nobis is limited to the correction of an error of fact *not appearing on the record* and lies to the same court, in order that it may correct the error which, it is presumed, would not have been committed had the facts in the first instance been brought to its notice. A motion for new trial questions a claimed error of law, *appearing in the record,* and if denied, authorizes an appeal, where the question may be answered by the Supreme Court. *Quinn* v. *State* (1935), 209 Ind. 316, 319, 198 N. E. 70; *Sanders* v. *State* (1882), 85 Ind. 318, 322 *et seq.*

So far as we can find the writ of error coram nobis does not extend to correct an error or errors appearing in the record. Such errors are cognizable only on appeal. Where the defendant, as in this case, presumptively was adequately represented by able counsel in the trial court and did not raise the question appearing in the record, by a motion to quash, or a motion in arrest if it is a question that might be so raised, it must be deemed waived.

We think no error was committed in sustaining the demurrer to the petition.

Finding no error in the record, the judgment is affirmed.

NOTE.—Reported in 106 N. E. 2d 452.