## JORDAN *v.* STATE OF INDIANA.

[No. 29,097.   Filed September 20, 1954.   Rehearing denied November 16, 1954.]

*T. Ernest Maholm,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Robert L. Sheaffer* and *Owen S. Boling,* Deputy Attorneys General, for appellee.

BOBBITT, J.—This is an appeal from an order of the Criminal Court of Marion County, Division No. 2, denying appellant's verified application for writ of error *coram nobis.*

The errors assigned are:

1. That the decision and order of the lower court, is contrary to law.

2. For the abuse of discretion in overruling appellant's Motion to re-open the hearing in the coram nobis action in the above entitled cause, for the purpose of offering evidence in support of the perjury committed by three witnesses who had been specially ordered by the court, to appear, to rebut testimony accusing each of the three witnesses ordered before the court, of having lied after taken an oath, in answering material questions propounded by the court.

3. That the decision and order of the lower court, is not sustained by sufficient evidence.

The application for the writ alleges (1) That appellant was denied his constitutional rights at the trial of his case because the jury procured from the bailiff a piece of string about twenty feet long for the alleged purpose of making certain measurements from which the jury presumably made certain deductions as to the guilt or innocence of the defendant-appellant; and (2) That petitioner-appellant had discovered new evidence not obtainable at the time of trial consisting of a repudiation by a material witness on behalf of the state of her testimony given at the trial.

*First.* Appellant is attempting, under the allegations in paragraph one of his petition, to bring before this court the identical question contained in specification No. 1 of his motion for a new trial, and in assigned error No. 1 in his appeal from the original trial of the case.

See: *Jordan* v. *State* (1953), 232 Ind. 265, 110 N. E. 2d 751. In that case there was no evidence in the record to show that a piece of string was actually delivered to the jury and used by them in any way in arriving at a verdict. We held that no question pertaining to the alleged use of a piece of string was

presented, but indicated that evidence supporting this allegation, if available, could have been brought into the record by a special bill of exceptions. It, therefore, is a question which might have been properly presented and determined on appeal. A proper remedy was, therefore, afforded appellant by his appeal and a writ of error *coram nobis* may not now be employed as a substitute in order to bring the question before this court. *Dowling* v. *State* (1954), 233 Ind. 426, 118 N. E. 2d 801, 803; *Sanders* v. *State* (1882), 85 Ind. 318.

*Second:* The reopening of the hearing on the petition for writ of error *coram nobis* for the purpose of permitting appellant to introduce further evidence was within the discretion of the trial court, and its action will not be reviewed on appeal except for an abuse of such discretion. *Hansen* v. *State* (1952), 230 Ind. 635, 643, 106 N. E. 2d 226; *Kahlenbeck* v. *State* (1889), 119 Ind. 118, 21 N. E. 460.

The further evidence which appellant sought to introduce was, by his own admission, for the purpose of impeaching certain witnesses who testified on behalf of the state. There is no showing by appellant that such evidence, if submitted, would probably have changed the court's decision, or that it was material to the issues before the court. Under all the circumstances here present, it cannot be said that the court abused its discretion in refusing to reopen the hearing for the purpose of receiving new evidence.

*Third:* The burden of proof in this case rested upon appellant. The decision rendered against him is a negative one which may not be attacked upon the ground that the evidence is not sufficient to sustain it. *Souerdike* v. *State* (1952), 231 Ind. 204, 206, 108 N. E. 2d 136, and cases there cited.

Upon the record before us, the finding of the trial court is not contrary to law and its judgment thereon will be affirmed.

Judgment affirmed.

Flanagan, C. J., Draper, Emmert and Gilkison, JJ., concur.

NOTE.—Reported in 121 N. E. 2d 643.