RIGGS *v*. STATE OF INDIANA.

[No. 29,372.   Filed June 12, 1956.]

*James C. Cooper,* Public Defender, and *Robert S. Baker,* Deputy Public Defender, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This is an appeal by the appellant, Hiram Riggs, from a judgment denying a writ of error *coram nobis.* The State of Indiana did not file any answer or pleading to appellant's position. The appellant claims that his constitutional rights were violated upon a conviction of a criminal offense of rape by virtue of the fact that he was not represented by competent counsel, and was denied a public trial by jury on the merits and that the state's evidence was insufficient to warrant his conviction.

A writ of error *coram nobis* is in the nature of an attack upon a judgment of conviction, valid on its face, but defective by reason of facts dehors the record which deprived the accused without fault on his part of constitutional rights to a fair trial. We, therefore, are concerned in this appeal with matters affecting appellant's constitutional rights which fail to appear in the record, *Obie* v. *State* (1952), 231 Ind. 142, 106 N. E. 2d 452, (Cert. denied 344 U. S. 935, 73 S. Ct. 506, 97 L. Ed. 719; *Irwin* v. *State* (1942), 220 Ind. 228, 41 N. E. 2d 809; *State ex rel. Cutsinger* v. *Spencer, Judge* (1941), 219 Ind. 148, 41 N. E. 2d 601; *Dowling et al.* v. *State* (1954), 233 Ind. 426, 118 N. E. 2d 801; 3 Am. Jur., Appeal and Error, §1276, p. 766; 31 Am. Jur., Judgments, §802, p. 323.

At the trial on the petition for a writ of error *coram nobis,* the uncontradicted evidence in brief, was as follows:

On June 4, 1954, an affidavit was filed against the appellant charging him with the crime of rape. On

December 29, 1954, he was tried on this charge by the Judge, without a jury, and found guilty, and sentenced to prison for a term from 2 to 21 years. On May 19, 1955, the appellant filed his petition for a writ of error *coram nobis* in the trial court. The hearing on this petition was set for July 6, 1955, at which time the petition was heard. A transcript of the evidence heard in the original trial was introduced. This evidence shows that the appellant was charged with the offense of rape of a child under the age of 15, to-wit: 12 years of age. The evidence further shows that one Wallace Fuller, now deceased, went to the Vigo County jail while the appellant was confined therein on the charge of rape and solicited his employment as an attorney. That Wallace Fuller was engaged in the business of providing bail bonds for defendants confined in jail, and also arranged with the appellant to provide bond for his release. That the appellant, believing Wallace Fuller to be a competent and experienced attorney, and relying upon his representations, employed him for the purpose of defending him in court. The evidence is undisputed that Wallace Fuller was not only incompetent, but that he falsely represented himself to be an attorney at law, when in fact he was not. There is no record that he was ever admitted to practice law. The evidence further shows that he had been in the habit of taking criminal cases and then employing other attorneys to aid in the trials. Consistent with such practice Wallace Fuller called a practicing attorney of the local bar and told him that the appellant's case was one concerning juvenile delinquency, and that he, Fuller, would prepare for the trial and that such attorney need only assist on the day of the trial. As a result this attorney was entirely ignorant of any of the facts of the case until he appeared in court on the morning

set for trial and made no preliminary investigations in the case. That when he learned that appellant was charged with rape he advised Fuller that he was totally unprepared to try such matters and recommended a continuance, but Fuller refused to comply with such request, and insisted upon the trial proceeding at once. The trial was held privately in the chambers of the Judge without a jury. Appellant claims, although this is disputed, that he objected to the private hearing. The appellant claims he requested a jury trial while the Deputy Prosecuting Attorney testified appellant waived a trial by jury. The record is silent on whether appellant waived his right for trial by jury. The evidence further shows by the affidavit of the prosecuting attorney that a medical examination was had of the prosecuting witness for the purpose of determining if she had had sexual intercourse, but for some reason the report or testimony was never introduced in the trial.

On the original trial of the case the only direct evidence that was introduced on the part of the state against the appellant on a charge of rape, was as follows:

"Q. Before that time—on the 15th of May, 1954, which was a Saturday—do you remember being with Hiram Riggs that day and night?

"A. I could have been, I've got a short memory.

"Q. I am just going to ask you this question— did you have sexual intercourse with Hiram Riggs?

"A. Yes.

"Q. You did have?

"A. Yes.

"Q. Where did that happen?

"A. In the house.

"Q. Up at Mom Hart's house where you lived on North 5th Street is that right?

"A. Yes."

This statement was the sole direct testimony that appellant committed the crime of rape. There is no evidence that this 12 year old witness understood the legal significance of "sexual intercourse" or what particular acts, including penetration, were necessary to constitute "sexual intercourse" as the crime of rape. No details whatever were stated with reference to the acts comprising the conclusion of the witness.

Although we are not unmindful that by reason of the nature of the details there is a natural reticence for a child of such age to speak out in detail, still the delicacies of the situation should not be permitted to outweigh the fact that a man's liberty and reputable life is at stake. The consequential embarrassment is a small price to pay in return for a showing of the witnesses' understanding of the details upon which such conclusion may be properly or improperly based. A child of 12 is not competent to give her conclusion of "sexual intercourse" without showing her understanding of details supporting such conclusion, while at the same time a more mature person with more knowledge of such matters might be qualified. *Flinn* v. *State* (1919), 188 Ind. 531, 124 N. E. 875.

With the evidence such as it was, the appellant claims after the trial and while in jail he requested Wallace Fuller to come to the jail for the purpose of asking for a new trial and taking an appeal, if necessary, but he never saw Fuller again. No motion for a new trial was filed in this case and no appeal was perfected. The state, in its brief in this case, makes the following statement:

> "Without further discussion of the evidence, appellee believes that appellant in this case, has not been accorded a fair trial, but that it can only recommend that this court make its own ex-

amination of the record and determine for itself whether or not justice be done in this case and act accordingly."

Courts are very hesitant to grant a writ of error *coram nobis* on the ground of alleged incompetency of counsel unless there appears to be a grossly aggravated case presented for consideration. The mere fact that greater skill might have been employed by counsel or looking in retrospect, that better judgment or discretion might have been employed is not incompetency, since no professional man has absolute skill, perfect judgment or foresight. However, the failures and mistakes in this case are not of such character, but go so far as to affect the accused's constitutional rights. *Obie* v. *State, supra* (1952), 231 Ind. 142, 106 N. E. 2d 452, (Cert. denied, 344 U. S. 935, 73 S. Ct. 506, 97 L. Ed. 719) ; *Abraham* v. *State* (1950), 228 Ind. 179, 91 N. E. 2d 358; *Fluty* v. *State* (1947), 224 Ind. 652, 71 N. E. 2d 565; *Irwin* v. *State* (1942), 220 Ind. 228, 41 N. E. 2d 809.

Not only was the "chief counsel" incompetent, he was not even an attorney at law. He misrepresented himself to appellant and to co-counsel. The remaining co-counsel had only secondary control over the defense and was not in a position to insist upon his advice being followed. We may not ignore errors affecting the constitutional rights of an accused. The appellant contends that he is not guilty of the offense charged. He has raised sufficient constitutional questions in our minds to warrant his receiving a new trial on the merits, in view of the fact that he was deprived of an opportunity to file a motion for a new trial for review by the trial court and for purposes of basing any appeal therefrom.

The judgment is reversed with directions to grant the appellant's petition for a writ of error *coram nobis*.

Landis, C. J., Emmert, Bobbitt and Achor, JJ., concur.

NOTE.—Reported in 135 N. E. 2d 247.