BROWN *v.* STATE OF INDIANA.

[No. 30,555.  Filed December 6, 1966.]

*Max Cohen,* of Gary, for appellant.

*John J. Dillon,* Attorney General, and *Carl E. Van Dorn,* Assistant Attorney General, for appellee.

MYERS, J.—This is an appeal from the denial of a petition for a writ of error *coram nobis* in the Lake Criminal Court. These proceedings were taken pursuant to Rule 2-40 of the Indiana Supreme Court as amended in 1952 and prior to the amendment of 1963 which abolished writs of error *coram*

*nobis.* The rule in 1960, when these proceedings started, read in part as follows:

"An appeal may be taken to the Supreme Court from a judgment granting or denying a petition for a writ of error coram nobis. The sufficiency of the pleadings and of the evidence to entitle the petitioner to a vacation of the judgment will be considered upon an assignment of error that the finding is contrary to law. The transcript of so much of the record as is necessary to present all questions raised by appellant's propositions shall be filed with the clerk of the Supreme Court within Ninety (90) days after the date of the decision. The provisions of the rules of this court applicable to appeals from final judgments shall govern as to the form and time of filing briefs."

Appellant had been convicted of murder in the first degree on December 13, 1957, and sentenced to death in the electric chair. A direct appeal to the Supreme Court of Indiana was taken, and the judgment of conviction was affirmed. *Brown* v. *State* (1959), 239 Ind. 184, 154 N. E. 2d 720. A petition for a writ of *certiorari* was filed with the United States Supreme Court and denied without prejudice to appellant's right to file a petition for a writ of *habeas corpus. Brown* v. *Indiana* (1960), 361 U. S. 936, 4 L. Ed. 2d 360, 80 S. Ct. 375. Such a petition was filed in the United States District Court, Northern District of Indiana, South Bend Division, but was dismissed in 1960 on the ground that appellant had failed to exhaust his state remedies. Thereafter, on May 10, 1960, appellant filed his petition for writ of error *coram nobis* in the Lake Criminal Court, being represented by the Public Defender of the State of Indiana. A hearing was held on the matters presented in the petition, witnesses were heard and evidence was introduced. The court thereafter denied the petition and judgment was entered accordingly. The Public Defender refused to appeal this decision on the ground that, after careful review, he could find no error or errors which had any merit to assign on appeal. Appellant then filed a petition in mandate in the Supreme Court of Indiana against

the Lake Criminal Court and the Judge thereof, seeking to command the appointment of counsel for appellant and to furnish him with a transcript of the proceedings for writ of error *coram nobis* so as to prosecute an appeal. This followed a denial by the Lake Criminal Court of a similar motion filed with that court previously. The Supreme Court took this matter under consideration and ruled that the Public Defender was under no duty to obtain a transcript when he could find no merit for grounds to be assigned on appeal. *Brown* v. *State* (1961), 241 Ind. 298, 171 N. E. 2d 825.

Appellant filed a petition for writ of *certiorari* in the United States Supreme Court which was denied without prejudice. *Brown* v. *Indiana* (1961), 366 U. S. 954, 6 L. Ed. 2d 1246, 81 S. Ct. 1906.

Thereafter, a petition for writ of *habeas corpus* was filed in the United States District Court for the Northern District of Indiana, South Bend Division. This writ was granted, and a full appellate review was ordered of the denial of his *coram nobis* petition. The United States Court of Appeals affirmed the District Court. *United States* v. *Lane* (1962), 302 F. 2d 537. The United States Supreme Court vacated the judgment of the Court of Appeals and of the District Court, remanding the case to the District Court and ordering that appellant be discharged from custody unless, within a reasonable time, the State of Indiana provided him an appeal on the merits to the Supreme Court of Indiana from the denial of the writ of error *coram nobis*. *Lane* v. *Brown* (1963), 372 U. S. 477, 9 L. Ed. 2d 892, 83 S. Ct. 768.

Pursuant to the mandate of the United States Supreme Court, the Indiana Supreme Court ordered the Lake Criminal Court to provide appellant with a transcript of the proceedings in connection with the petition for writ of error *coram nobis* and to appoint counsel to conduct the appeal from the denial of the writ. Appellant, having obtained counsel, filed a petition for rehearing on the denial of the writ. The State

of Indiana filed a motion to strike the petition for rehearing. The Lake Criminal Court sustained the motion to strike and denied the petition for rehearing. This appeal followed. It is strictly based upon the right of appeal granted by Rule 2-40 as it was set forth in 1960.

The assignment of errors claims that the decision of the court denying the petition for writ of error *coram nobis* is contrary to law; that the court erred in sustaining the motion to strike the petition for rehearing; that the court erred in denying the petition for rehearing, thereby depriving appellant of due process of law in violation of the Fourteenth Amendment to the United States Constitution.

Appellant alleges that the decision of the court in denying the writ of error *coram nobis* is contrary to law. The petition for the writ filed by appellant pro se asserts three grounds as the basis for granting a new trial. The first is that the *corpus delicti* of the crime was never established. This is a matter which can be determined by the record in the original trial. *Coram nobis* may not be utilized to correct an alleged error which appears in the record. *Riggs* v. *State* (1956), 235 Ind. 499, 135 N. E. 2d 247; *Obie* v. *State* (1952), 231 Ind. 142, 106 N. E. 2d 452; *Jordan* v. *State* (1954), 233 Ind. 626, 121 N. E. 2d 643.

This question must be presented by an appeal on the merits, and *coram nobis* proceedings cannot be used as a substitute for such an appeal or as a second appeal. *Etheridge* v. *State* (1960), 240 Ind. 384, 164 N. E. 2d 642; *Smith* v. *State* (1958), 237 Ind. 532, 146 N. E. 2d 86; *Grecu* v. *State* (1956), 235 Ind. 234, 131 N. E. 2d 646.

This court clearly decided the question of *corpus delicti* as a main issue in appellant's appeal on the merits, and found there was sufficient proof of such in this cause. *Brown* v. *State* (1959), 239 Ind. 184, 154 N. E. 2d 720, *supra*. Therefore, this issue has been settled and may not be raised again by a *coram nobis* proceeding.

It is alleged that the denial of the writ of error *coram nobis* was error because the confession of appellant was illegally obtained. On this point, appellant says in his brief as follows (page 139) :

"It is conceded that an examination of the transcript on the hearing on the petition for writ of error coram nobis does little to substantiate this allegation. This allegation, however, is inextricably woven with the allegation of incompetency of counsel at the trial, and these two points will therefore be discussed jointly."

Appellant, nevertheless, discusses the confession at length further in the Argument section of his brief, practically all references to which are taken from the transcript of the trial of the case. Once more, this is a matter of the record in the trial of the case which cannot be reviewed again in *coram nobis* proceedings. *Riggs* v. *State* (1956), 235 Ind. 499, 135 N. E. 2d 247, *supra; Obie* v. *State* (1952), 231 Ind. 142, 106 N. E. 2d 452, *supra.* We are bound by the transcript and record taken in the *coram nobis* hearing, and by appellant's own admission there is little merit to this claim of error in that record.

It is claimed that the incompetency of appellant's trial counsel deprived him of a fair trial. We have held that:

"Courts are very hesitant to grant a writ of error *coram nobis* on the ground of alleged incompetency of counsel unless there appears to be a grossly aggravated case presented for consideration." *Riggs* v. *State* (1956), 235 Ind. 499, 504, 135 N. E. 2d 247, 250, *supra.*

Adequate representation does not rest upon a mistake in judgment on a certain aspect of the trial, but upon preparation, the handling of the trial, and the necessary steps taken for appeal. *Stice* v. *State* (1950), 228 Ind. 144, 152, 89 N. E. 2d 915.

Appellant argues that his trial attorney permitted his confession to go into evidence without any preliminary *voir*

*dire* examination of the deputy sheriff who introduced it so as to determine whether it was voluntarily given. He says it was obtained as the result of continuous and relentless questioning in violation of his constitutional rights. However, at the *coram nobis* hearing his trial counsel testified that he had seen the confession, carefully read it and conferred with appellant about it, who told him that everything in the confession was the truth and that it was given freely and voluntarily. Nothing was said about long and relentless questioning or duress in obtaining it. The evidence most favorable to the State sustains the judgment of the trial court in this respect.

There is a claim of incompetence because trial counsel filed a plea of insanity on behalf of appellant without discussing the matter with him and without any basis that the filing of the plea would have any degree of success. It was never withdrawn and, as a result, it is alleged that there was introduced in evidence testimony concerning crimes or attempted crimes committed by appellant which prejudiced the jury. At the *coram nobis* hearing, trial counsel testified that he had a reason for this in that appellant had at one time been committed as a criminal psychopathic person, but not as insane. The introduction of evidence on sex perversion, he felt, would lead the jury to believe that he was insane. This was a theory of defense which trial counsel adopted. It did not happen to convince the jury of appellant's insanity, but this fact does not indicate that counsel was incompetent. This court has stated that:

> ". . . even the best of attorneys make decisions during the course of a trial which later may appear to have been errors in judgment. . . . We cannot 'second guess' a trial attorney and reverse a case simply because some other attorney might, under the attending circumstances, have pursued a different course." *Hendrickson* v. *State* (1954), 233 Ind. 341, 344, 118 N. E. 2d 493, 495.

In *Callahan* v. *State* (1966), 247 Ind. 350, 354, 214 N. E. 2d 648, 651, 652, we said:

"Now, however, the petitioner, having lost his case, desires to use such choice as a reason and grounds for urging that his attorney did not properly represent him.

" . . .

"His attorney appears to us to have been acting very astutely in attempting every conceivable legal defense that could have been made against the petitioner's charge of murder in the first degree. We find no incompetency on the part of his trial attorney in the record of this case.

"In *Groover* v. *State* (1959), 239 Ind. 271, 280, 156 N. E. 2d 307, 311, we said:

" 'Appellant has argued the incompetency of counsel at great length. It is true that counsel did not interrogate the jurors on voir dire, examine the witnesses, form the instructions or argue the case to the jury with great astuteness or powerful persuasiveness. However, counsel who was of appellant's choosing was confronted with a most difficult case. . . . Under the circumstances counsel did not attempt to deny the heinous character of the offense, but instead asserted temporary insanity and sudden heat of passion in defense of his client. The jury did not accept the plea of insanity but concluded that the killing was with premeditation. Other counsel might have tried the case with different strategy and greater skill, *but we cannot say that the consequences would have been different*. (Emphasis added).' "

It is stated that the trial counsel was incompetent because he participated in too many criminal cases as pauper attorney over a period of years, and therefore was not physically able to devote the time to adequately and sufficiently prepare for the trial of appellant. There is no showing that his other cases conflicted with this trial, however, and the argument is only guess work.

In the Argument section of appellant's brief, this statement is made (page 178):

"Let it be stated here as a matter of record that present counsel for the appellant concurs in the opinion that appellant's trial counsel is experienced and skillful in the

practice of criminal law. This does not prevent an attack upon appellant's trial counsel's conduct of this particular case."

Under these circumstances, we cannot find that appellant's trial attorney was incompetent in this one case.

A petition for rehearing of the denial of his petition for writ of error *coram nobis* was filed by appellant. This alleged in substance that he was not adequately represented by the Public Defender for the State of Indiana in the preparation of the petition for a writ and in the conduct of the hearing. Appellee filed a motion to strike the petition for rehearing in its entirety. This was sustained by the trial court which, at the same time, denied the petition for rehearing.

Supreme Court Rules 2-40 and 2-40A pertaining to *coram nobis* as adopted in 1953 provided for an appeal from the judgment granting or denying the petition for a writ of *coram nobis*. A transcript had to be filed within ninety days after the date of the decision. No mention is made of a motion for new trial or a petition for rehearing. In regular appeals, the rules allow an appellant to file an assignment of errors and transcript within ninety days from the date of judgment *or from the ruling on the motion for new trial. Supreme Court Rule 2-2.* Thus, the rules pertaining to *coram nobis* proceedings did not contemplate motions for new trial or petitions for rehearing. Accordingly, the trial court committed no error in sustaining the motion to strike appellant's petition from the files and in denying the petition. Appellant has claimed review of this action, but has presented no argument in support thereof in his brief. Since the issue is not argued, it is waived. *Supreme Court Rule 2-17(f).*

If this petition for rehearing may be considered as a petition to reopen the *coram nobis* hearing for the purpose of permitting appellant to introduce further evidence, the denial and striking of the petition was within the discretion of the trial court, and its action will not

be reviewed on appeal except upon a showing of abuse of discretion. *Jordan* v. *State* (1954), 233 Ind. 626, 121 N. E. 2d 643, *supra*. This appellant has not done, but has only argued the incompetency of the Public Defender. However, in his brief, he states (page 184) :

> "For the record, let it be stated that appellant's present counsel has great regard for the experience, ability and skill of the public defender. The attack on his competency is limited to his conduct in this particular case."

The same observations which we have applied to trial court counsel previously in this decision shall apply to the Public Defender in the *coram nobis* proceedings.

Upon the record before us, the finding of the trial court is not contrary to law.

Judgment affirmed.

Arterburn, C. J., and Rakestraw, J., concur. Achor, J., not participating.

NOTE.—Reported in 221 N. E. 2d 676.