## SHACK v. STATE OF INDIANA.

[No. 30,730. Filed May 5, 1965. Consolidated May 5, 1965, with No. 30,467. Filed November 14, 1967.]

*Charles G. Castor,* of Indianapolis, for petitioner.

*John J. Dillon,* Attorney General, *Carl E. Van Dorn,* Assistant Attorney General, for respondent.

MYERS, J.—Appellant has filed a petition for a writ of certiorari in this court pursuant to the provisions of Supreme Court Rule 2-40A. It is based upon the following circumstances: Appellant was charged with the crime of first-degree murder in Marion County, Indiana. A jury trial was held in the Marion County Criminal Court, Division Two, on June 3, 1963, wherein appellant was represented by an attorney who had been appointed Public Defender in that court. On the 5th day of June, 1963, the jury found appellant guilty as charged and recommended the death penalty.

On July 3, 1963, a motion for new trial was filed by appellant's counsel in which it was alleged that the verdict was not sustained by sufficient evidence and was contrary to law, that there was error in the admission of certain evidence, and that error was committed in regard to the admission of certain instructions.

A petition to appeal as a pauper was filed by appellant which the court granted on August 27, 1963, and appointed Charles G. Castor, an attorney of Indianapolis, to represent appellant on his appeal.

Pursuant to the provisions of Supreme Court Rule 2-40, a petition for permission to file a belated motion for new trial was filed on November 6, 1964. Exhibit "I" attached to the petition for writ of certiorari is a copy of the proposed belated motion. Therein appellant alleges that his constitutional rights were violated in that he was not adequately represented by counsel. He claims that his counsel was incompetent, and that such incompetency was first discovered by appellant on September 7, 1964, during a conference with his newly-appointed counsel after he had been sentenced to prison. It is stated that trial counsel was incompetent because of the following:

(a) He had never represented a defendant in a capital case, and his sole jury experience consisted of one jury trial prior to appellant's trial.

(b) At the time of the alleged offense, appellant had received an injury to his throat and as a result thereof was unable to talk until approximately two weeks before his trial; that trial counsel well knew this, but failed to file a motion for continuance to enable him to adequately confer with his attorney in order to prepare for trial.

(c) At the trial, appellant requested his attorney to ask questions of State's witnesses which his attorney failed to do.

(d) Appellant furnished his attorney with the names of witnesses to testify favorably in his behalf, but his attorney failed to subpoena them.

(e) His attorney was furnished the names of witnesses to testify as to appellant's character, but they were not subpoenaed, and appellant was the only witness in his behalf.

(f) Trial counsel did not spend sufficient time in preparing for trial.

(g) No instructions were tendered to the court to be given to the jury, nor was there a request for continuance in order to prepare some.

(h) The jury deliberated only thirty minutes before rec-

ommending the death penalty, which, of itself, it is claimed, shows a lack of preparation of a defense.

Appellant states that he did not confer with other attorneys, was not acquainted with the various skills which attorneys possess, was an uneducated person with only a fourth-grade education, and so at time of trial could not determine whether his counsel was competent or not.

Exhibit "1" of the petition contains an affidavit signed by trial counsel, dated October 30, 1964, in which it is stated that he was thirty-eight years old, a graduate of Indiana University Law School, Indianapolis Division, in 1956, that he started to practice law in 1957, and that his practice consisted of ninety-five per cent civil matters and five per cent criminal matters. It is further stated that he had been appointed Public Defender in the Marion County Criminal Court, Division Two, in 1959, for a period of eight months, but took part in no trials; that he was reappointed in 1963; that prior to the case involving appellant herein, he had participated in one criminal jury trial, being a charge of robbery, but had no experience in the preparation and trial of homicide cases. It was admitted that at the time of his appointment to represent appellant, appellant could not speak due to an injury, that he was able to talk approximately two weeks before trial, and that his trial counsel filed no motion for continuance to give him additional time to confer with appellant regarding his case.

It is further admitted that appellant furnished him with the names of witnesses to call on appellant's behalf, but that as trial counsel he could not locate them or felt they would be of no value to appellant and did not request a continuance; that he did not call any character witnesses for appellant, and that for all practical purposes, appellant's entire case was the sole testimony of appellant.

It is also stated that the jury deliberated less than one-half hour and that its verdict "astonished" him.

It is to be further stated that prior to the time of trial, counsel devoted approximately eighteen hours to the preparation and defense of appellant; that he did not advise appellant of his previous experience in the practice of law; that he did not believe the jury would recommend the death penalty and so at no time was concerned about it.

There was a hearing on the petition for permission to file a belated motion for new trial on December 17, 1964, and Exhibit "1" was introduced in evidence. The court denied the petition and overruled a motion to reconsider. Appellant claims that since there was no evidence heard at the hearing which contradicted the allegations of Exhibit "1," the court was obliged under Supreme Court Rule 2-40 to approve the filing of the belated motion for new trial. The pertinent part of this rule provides as follows:

> "Provided, however, if the moving party first obtains knowledge of an alleged ground after the time within which a motion for a new trial may be filed, such party may file a petition requesting permission to file a belated motion for a new trial, which motion shall be attached to said petition. Not more than one (1) belated motion for a new trial in the same case may be entertained or considered by a court unless the subject matter of the action had not come or could not come by the exercise of diligence to the knowledge of the petitioner at the time of the filing of such belated motion for new trial. The petition (for a belated motion for a new trial) must be personally verified by the party, specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause, and why such cause could not have been discovered before by the exercise of due diligence. The court, upon finding substantial evidence of such facts, and that the movant acted as promptly as reasonably possible, shall approve the filing of said belated motion for a new trial.
>
> "The attorney general of the State of Indiana and the prosecuting attorney of the judicial district wherein such petition is filed shall be given notice of the filing of the petition and thirty (30) days' time within which to answer same. A copy of the petition shall be served with the notice.
>
> "In the event a belated motion for new trial is filed in forma pauperis, it shall be the duty of the public defender

of the State of Indiana to represent the petitioner in said proceedings, if he, after diligent inquiry, finds merit thereto, subject, however, to the provisions of Rule 2-40A.

"Affidavits may be filed with and in support of or in opposition to petitions for belated motions for new trials, and motions for new trials and shall be considered as evidence without introduction thereof. The court may hear additional evidence at its discretion. The petition and affidavits filed in support thereof or in opposition thereto shall be a part of the record without a bill of exceptions. The parties thereto shall not be entitled to a change of venue from the county or change of judge.

"This rule shall be applicable only to criminal proceedings. Effective December 20, 1952. Amended and effective September 11, 1963."

Appellant has already commenced his appeal in this court and a transcript has been filed in the office of the Clerk. Thus, the appeal is now pending. It is based upon the overruling of a motion for new trial which makes no mention of incompetency of counsel as one of the grounds.

Appellant has interpreted Rule 2-40 to mean that newly-discovered evidence outside the record may be presented by petition to file a belated motion for new trial even though an appeal is pending. By presenting this petition to the trial court he has given it a chance to review its proceedings on the basis of the allegations contained therein and any evidence which might have been introduced at the hearing which took place in the case at bar. See *Hayden* v. *State* (1964), 245 Ind. 591, 199 N. E. 2d 102. When the petition was denied by the trial court, the question arises as to whether the record of these proceedings should be inserted in the transcript on appeal in some fashion so as to be considered by this court, together with other allegations of error contained in the motion for new trial as one ball of wax, or should these proceedings be brought before our court separately and parallel with the appeal by means of writ of certiorari as provided in Rule 2-40A.

It is to be noted that Rule 2-40 abolishes the writ of error

coram nobis and states that the remedy "heretofore granted in such a proceeding shall hereafter be obtained solely through a motion for a new trial in the case out of which the cause therefor is alleged to have originated."

Of course, if no appeal had been taken, appellant's only remedy would be by writ of certiorari to this court based upon the denial of his petition to file a belated motion for new trial by the trial court. However, where an appeal is pending, it appears we should follow the old rule which pertained to writs of error coram nobis and which declares that coram nobis cannot be used as a substitute for an appeal. *Obie* v. *State* (1952), 231 Ind. 142, 106 N. E. 2d 452.

It seems only logical that where an appeal is pending and matters outside the record have been discovered after the appeal has been filed and a petition for permission to file a belated motion for new trial has been denied by the trial court, it should be consolidated with the appeal as another ground of error to be presented to this court therein pursuant to the provisions of amended Rule 2-40.

The transcript and record of the proceedings taken in the Marion County Criminal Court, Division Two, pertaining to the petition requesting permission to file a belated motion for new trial should be consolidated with the record and transcript on appeal herein and given the same number as that of the appeal so as to be submitted to this court at the same time and as a part of the appeal from the judgment entered on appellant's conviction.

The Clerk of this Court is so ordered.

Achor and Jackson, JJ., concur.

Arterburn, C. J., concurs with opinion in which Landis, J., concurs.

### Concurring Opinion

Arterburn, C. J.—I concur in the majority opinion. I wish to add, however, that if, on appeal, it is revealed that counsel for a pauper defendant is incompetent or has admitted his

incompetent acts by affidavit, as is suggested in this opinion, the matter should be referred at once to the Disciplinary Commission for investigation and its report as to whether or not such action would warrant the disbarment of such attorney, or other disciplinary action. I feel it is a reflection upon the bar of this state and upon this Court, which fixes the standard of competency, to have to set aside a conviction because of incompetency of a member of the bar of this state.

Landis, J., concurs.

NOTE.—Reported in 206 N. E. 2d 614.