CHARLES JONES, JR. *v.* STATE OF INDIANA.

[No. 688S84. Filed October 16, 1968.]

*Palmer K. Ward,* Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Robert F. Hassett,* Deputy Attorney General, for appellee.

PER CURIAM.—The appellant was found guilty after a trial by the court on two counts, crime of assault and battery with

intent to gratify sexual desires and sodomy, in Marion Criminal Court, Division Two, and was sentenced to the Indiana State Prison not less than two (2) nor more than fourteen (14) years.

The appellant claimed that the evidence before the trial court was insufficient to sustain a conviction inasmuch as it was based only on the uncorroborated testimony of a twelve year old child.

Appellant cited *Riggs* v. *State of Indiana* (1956), 235 Ind. 499, 135 N. E. 2d 247; *Penn* v. *State of Indiana* (1957), 237 Ind. 374, 146 N. E. 2d 240; and *Thomas* v. *State of Indiana* (1958), 238 Ind. 658, 154 N. E. 2d 503. All these cases cited were those in which convictions were reversed with uncorroborated testimony under the particular facts and evidence of each case.

In the case on appeal, the evidence most favorable to the state is as follows: About 8 P. M. on August 10, 1967, the prosecuting witness saw the appellant for the first time. Prosecuting witness was twelve years old at that time and was still twelve years old at the time of the trial. Appellant was with the stepfather of the prosecuting witness and both were drinking. Appellant took the prosecuting witness into a dark room in the basement and told him to lie down, which the prosecuting witness did because appellant had a knife. The testimony before the court was that the prosecuting witness was sexually assaulted, but finally jumped out of a window, returned to his home, and the police were called. The incident lasted more than an hour. The prosecuting witness went with the police, described the alley and the basement room, and the details of the assault. The police brought the appellant out of the basement and the prosecuting witness was definite in his identification. The police officer testified that at 10:45 P. M. of the evening in question, he received a radio call, arrested the appellant in the basement about 10:50 P. M. of the same night, and the prosecuting witness, in the presence of the policeman,

identified the appellant as the man he had been with earlier that night.

In *Woods* v. *State* (1968), 250 Ind. 132, 13 Ind. Dec. 610, 235 N. E. 2d 479, the appellant was convicted of rape and incest of a fifteen year old girl. The court said:

"The rule has been well settled in Indiana that a conviction for rape may be sustained upon the uncorroborated testimony of a prosecuting witness if such was sufficient to convince the trier of facts beyond a reasonable doubt of defendant's guilt. *Wedmore* v. *State* and cases cited therein. This rule is also applicable to cases where incest is charged."

It is also well settled in Indiana that children over ten years of age are competent witnesses and the jury must judge their credibility. *Duncan* v. *Welty* (1863), 20 Ind. 44; *Holmes* v. *State* (1882), 88 Ind. 145.

Appellant argues that there was no showing that the prosecuting witness understood the nature of an oath or the consequences of telling a lie on the witness stand as the state made no effort to show the credibility of its only witness against the appellant.

The record shows that appellant made no objection to the prosecuting witness' competency when the latter took the stand, nor did appellant move to strike the prosecuting witness' testimony, nor did appellant raise the question of competency in his motion for new trial. The record does show that appellant cross-examined the prosecuting witness and that none of the questions related to the witness' competency or lack thereof. Appellant, therefore, waived the question of competency.

In *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N. E. 2d 649, this court stated:

"If the defendant had any question as to the competency of the state's witness, it was his duty to raise such question in the trial court at the earliest opportunity, and failing so to do, any such question is waived." citing

*Pooley* v. *State* (1945), 116 Ind. App. 199, 62 N. E. 2d 484; *Bingham* v. *Walk* (1891), 128 Ind. 164, 27 N. E. 483.

In *Pooley, supra,* this court said:

". . . the overwhelming weight of authority indicates that the question of the competency of a witness to testify, whether the objection is based on the ground of . . . incapacity to understand the nature of an oath . . . , or any other ground comes too late when raised for the first time in the appellate court, 3 C. J. Appeal and Error, #740, p. 828 (4 C. J. S. Appeal and Error, #294), and cases cited. Indiana seems to be in line with the majority rule."

Factually, the prosecuting witness' story was corroborated by the police officer. The prosecuting witness testified appellant had been drinking, and the officer stated the appellant had the odor of alcohol on his breath. The prosecuting witness testified the assault occurred in the basement and led the police to the basement. The officer found appellant in the basement. The prosecuting witness testified that he was forced to lie down in the basement on an old mattress. The officer found an old mattress in the basement.

In *Riggs* v. *State, supra,* cited by the appellant, this may be distinguishable on the facts from the case on appeal. In this case after the prosecution asked a 12 year old girl if she had sexual intercourse with the defendant, to which she replied "Yes," the court held that since no details were elicited as to the acts comprising the conclusion of the witness, the evidence was insufficient since a 12 year old child is not competent to give her conclusions without showing her understanding of details supporting that conclusion.

In the case on appeal the prosecuting witness testified to the specific acts in detail.

In *Penn* v. *State, supra,* defendant was charged with statutory rape of a 16 year old girl. She gave "three in a bed" testimony which the court said was an inherently improbable story, and without corroboration, it has no weight at all.

In the case on appeal no such inherently improbable story was related.

In *Thomas* v. *State, supra,* defendant was tried for indecent exposure to two girls, aged seven and eight. The girls gave inconsistent vague descriptions of their molester; they gave forty-four "I don't know" answers to questions on details at the trial; and undisputed evidence was introduced that defendant was at work. The court reversed the conviction because of the inherent improbability and inconsistency of the girls' identification when confronted with undisputed facts.

In the case on appeal there was no undisputed evidence that the appellant was elsewhere. There was no uncertainty in the prosecuting witness' identification. The prosecuting witness identified the appellant within three hours after the offense occurred, and did not waiver in his certitude.

The judgment of the trial court is, therefore, affirmed.

Jackson, J., concurs in result.

NOTE.—Reported in 240 N. E. 2d 809.