Wally **SHELBY**, Petitioner-Appellant,

v.

George W. **PHEND**, Warden, Indiana State Prison, succeeded by **Russell E. Lash**, since this cause was initiated, Respondent-Appellee.

No. 17894.

United States Court of Appeals, Seventh Circuit.

July 22, 1971.

Robert J. DuComb, Jr., South Bend, Ind., for petitioner-appellant.

William F. Thompson, Asst. Atty. Gen., Indianapolis, Ind., Theodore L. Sendak, Atty. Gen. of Indiana, Indianapolis, Ind., for respondent-appellee.

Before MAJOR, Senior Circuit Judge, and CUMMINGS and STEVENS, Circuit Judges.

STEVENS, Circuit Judge.

Alcohol, competition for the attention of one Jeannette Reynolds, and other provocations, led to a quarrel between appellant and one Frank Wimsatt in the early morning of October 11, 1964. The "rassle" ended when appellant stabbed Wimsatt to death with a large steak knife. According to a statement appellant gave to the police some 11 hours later, he had voluntarily and promptly called the police himself and explained the circumstances leading up to Wimsatt's death. Apparently when the police arrived, the knife was still in Wimsatt's chest "clear up to the handle."

A jury found appellant guilty of second degree murder. At the trial the fact that appellant had killed Wimsatt with a steak knife was not disputed. His written statement was received in evidence without objection. The only issue of the trial was the character of his intent at the time the incident occurred. The strategy of his counsel at the trial apparently was that a full and candid disclosure of the facts would reveal an absence of criminal intent and support a claim of self-defense or accident.

On appeal, the conviction was affirmed by the Indiana Supreme Court which held that the evidence supported the verdict, that the post-arrest statement was given voluntarily without any violation of the standards of Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and, in any event, that appellant deliberately waived any objection to its admissibility. Shelby v. State, 249 Ind. 337, 232 N.E.2d 363, cert. denied 393 U.S. 887, 89 S.Ct. 203, 21 L.Ed.2d 165.

On June 23, 1969, appellant, *pro se* filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Indiana. He claimed that his counsel was incompetent because he did not object to the admissibility of either the post-arrest statement or the steak knife, that the statement was taken in violation of the standards of *Escobedo*, and that the knife was seized in violation of his Fourth Amendment rights. Because all of these points had not been presented to the Indiana courts, the district court denied the petition on the ground that appellant had not exhausted his state remedies. 28 U.S.C. § 2254.

The Indiana Supreme Court did consider and reject the *Escobedo* contention. Accordingly, if appellant had not augmented this claim by challenging the competency of his trial counsel and raising his Fourth Amendment argument, review by a federal court of his application for habeas corpus would have been proper. United States ex rel. Kemp v. Pate, 359 F.2d 749 (7th Cir. 1966); Young v. Alabama, 427 F.2d 177 (5th Cir. 1970). In the circumstances of this particular case we are persuaded that considerations of judicial economy dictate the same result notwithstanding the two additional contentions which are raised.[1]

The challenge to the competency of counsel is predicated primarily on his failure to object to the admissibility of the post-arrest statement. If there was no violation of the standards of *Escobedo*, the failure to object will certainly not reflect on counsel's ability; indeed, even if an objection was available, competent counsel might well have decided to permit the statement to be used on the theory that it tended to corroborate appellant's version of the incident. It is extremely unlikely that the attack on counsel will survive unless there is merit to the *Escobedo* contention.

The factual basis for the Fourth Amendment contention is somewhat obscure on the basis of the record before us. Without making any decision on the issue—since the petition was drafted *pro se* and conceivably may be supported by matter not called to our attention—we are persuaded that this contention has little or no merit. It is difficult to understand how police officers, who were called by appellant, could have violated his Fourth Amendment rights by removing the steak knife from his victim's body.

Although we make no final ruling on the sufficiency of any of appellant's claims, we are persuaded that such strength as his petition may have is predicated almost entirely on the merits of his *Escobedo* point. In these circumstances we hold that the doctrine of comity embodied in 28 U.S.C. § 2254 does not preclude a remand to the district court for a hearing on all of the grounds for relief asserted in appellant's petition.[2]

We do not decide whether an evidentiary hearing is necessary or appropriate. The district court has the power to compel production of the complete record of the state court proceed-

---

1. We do not reach the question whether appellant has exhausted all available state remedies as to his search and seizure and ineffective counsel claims. Although the warden has cited no Indiana case directly in point, Shelby may well have had a state remedy for his ineffective counsel claim under Indiana Supreme Court Rule 2–40 at the time he filed his petition, which is still available under new Supreme Court Rule P.C. 1. See Wright v. State, 249 N.E.2d 33 (Ind.Sup.Ct.1969); Shack v. State, 249 Ind. 60, 206 N.E.2d 614 (1967); Hayden v. State, 245 Ind. 591, 199 N.E.2d 102, 201 N.E.2d 329 (1964); McKinley v. State, 252 N.E.2d 420, 423–424 (Ind.Sup.Ct.1969).

2. Appellee contends that this appeal must be dismissed because appellant failed to comply with the time requirements for filing briefs in this court. F.R.A.P. 31. We have already ruled on this question. See Order, September 3, 1970. Appellee's reliance on Kapsalis v. Wilson, 380 F.2d 365 (9th Cir. 1967) and Stewart v. Bishop, 403 F.2d 674 (8th Cir. 1968), cases involving untimely notices of appeal, is misplaced. The timely filing of a brief is not jurisdictional. See F.R.A.P. 3, 22, 31(c).

ings, and may conclude that the issues raised by appellant's petition can be decided on the basis of that record. See Townsend v. Sain, 372 U.S. 293, 319, 83 S.Ct. 745, 9 L.Ed.2d 770; 28 U.S.C. § 2254(e).

 Finally, appellant has urged this court to adopt a rule requiring the appointment of counsel for every habeas corpus petitioner. This court has already rejected a similar argument. La-Clair v. United States, 374 F.2d 486 (7th Cir. 1967). The district court may, of course, appoint counsel to represent appellant on remand if it considers such action appropriate. See United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707, 715 (2nd Cir. 1960); see also LaClair v. United States, *supra.*

Reversed and remanded.