HOWARD ARMSTRONG *v*. STATE OF INDIANA.

[No. 571S139. Filed May 3, 1972. Rehearing denied July 11, 1972.]

*David F. McNamar, Steers, Klee, Sullivan & LaMay,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *David H. Kreider,* Deputy Attorney General, for appellee.

DeBRULER, J.—This is an appeal from a conviction for second degree murder in a trial with jury in the Marion Criminal Court, Division Two. Appellant was sentenced to fifteen to twenty-five years in prison.

Appellant's sole allegation of error is that the trial court erred in not ordering a psychiatric examination of Ruby Armstrong, the appellee's chief witness, to determine her competency to be a witness, in accordance with I.C. 1971, 34-1-14-5, being Burns § 2-1714, which reads in part:

> "The following persons shall not be competent witnesses:
> "First: Persons insane at the time they are offered as witnesses whether they have been so adjudged or not."

The witness testified that appellant intentionally shot decedent at close range with a pistol without immediate provocation or threat. If this witness had been found incompetent to testify the State may not have been able to prove their case. However, the appellant did not object to the witness' testimony, did not make a motion to strike, did not request the trial court to inquire into her competency as a witness, and did not include this argument in his motion to correct errors. In *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N. E. 2d 649, we said:

"In this case if timely objection to the competency of the prosecuting witness had been made, it would have been the duty of the court to make such an examination as would satisfy it as to her competency or incompetency." 237 Ind. at 223.

Faced with a similar situation in *Jones* v. *State* (1968), 251 Ind. 256, 240 N. E. 2d 809, this Court held that the issue of the witness competency had been waived. See also *Antrobus* v. *State* (1970), 253 Ind. 420, 254 N. E. 2d 873.

We hold that the issue of the witness' competency to testify was not raised in the trial court and cannot be raised for the first time on appeal.

Verdict of the jury affirmed.

Arterburn, C. J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 281 N. E. 2d 808.